refusal to send them to the jury, but, as has been said, would not justify the refusal to give those that were correct and which were properly presented before argument.

For error in the charge of the court, the judgment is reversed, and the cause remanded.

*Judgment reversed and cause remanded.*

PARDEE, P. J., and FUNK, J., concur.

---

LERCH v. CITY OF SANDUSKY.

*Disorderly conduct—Offense under municipal ordinance not changed by affidavit—Ordinance strictly construed—Affidavit must aver with reasonable certainty all necessary facts—Sufficient charge essential to valid conviction— Test for determining whether disorderly conduct sufficiently charged—Conduct not indecent but only daytime noise, not an offense—Defendant, not legally charged, may be tried on valid charge—Prosecution under state law not barred by conviction on defective affidavit.*

1. Affidavit charging defendant with unlawfully disturbing the good order and quiet of the city of Sandusky by disorderly conduct *held* not to charge an offense under ordinance specifically setting forth acts considered disorderly, since it did not follow language of ordinance, nor use words plainly and necessarily including language of ordinance.

2. Ordinance punishing disorderly conduct, being penal in its nature, must be strictly construed.

3. Affidavit, in prosecution before municipal court for violation of city ordinance, to charge offense, must aver with reasonable certainty all material facts necessary to be proved to warrant conviction.

4. There can be no valid conviction in criminal case unless the affidavit charges an offense.

5. Test in determining whether charge for disorderly conduct is sufficient is whether defendant might be guilty of everything stated in affidavit and yet not violate ordinance.

6. Disorderly conduct, disturbing good order and quiet of city, which is not indecent and consists only of noise in daytime, would not be offense under disorderly conduct ordinance.

7. Defendant, not legally charged with disorderly conduct at first trial, may be tried again on valid charge.

(Decided April 22, 1926.)

ERROR: Court of Appeals for Erie county.

*Mr. H. L. Peeke*, for plaintiff in error.
*Mr. E. H. Savord*, city solicitor, for defendant in error.

WILLIAMS, J. The plaintiff in error was convicted in the municipal court of the city of Sandusky on a charge of disorderly conduct. Within three days after he was found guilty and sentenced he filed a motion in arrest of judgment, which raised the question of the sufficiency of the affidavit. The motion in arrest was overruled. Thereupon he prosecuted error to the court of common pleas of Erie county, which affirmed the judgment. This proceeding in error is brought to reverse the judgment of the courts below and to secure the discharge of the defendant upon the ground that the affidavit does not state any offense under the ordinances of the city of Sandusky.

Omitting the formal parts, the affidavit charges that on or about October 26, 1925, at the city of Sandusky, in Erie county, Ohio, one Frank Lerch unlawfully did disturb the good order and quiet of the city of Sandusky by disorderly con-

duct, and this deponent does verily believe that said Frank Lerch is guilty of the fact charged.

The affidavit is based on the following ordinance: "Sec. 196. *Disorderly Conduct.* That it shall be unlawful for any person to disturb the good order and quiet of the city of Sandusky by clamor and noise in the night season, by intoxication and drunkenness, by fighting, by using obscene or profane language on the sidewalks, streets or other public places of said city, to the annoyance of any of its citizens; or to endanger or violate the public peace in any other manner by indecent and disorderly conduct, whether such conduct directly disturbs the tranquility of the city or consists in abusing, insulting, striking, beating, threatening to fight, provoking to quarrel, or in any other unlawful act against the person or property of any individual, detrimental to the public peace, or by lewd and lascivious behaviour tending to subvert good order."

This section, being penal in its nature, requires a strict construction. It provides for two distinct classes of offenses, and under each class the offense of disorderly conduct may be committed in several different ways. Under the first class of offenses it is unlawful for a person to disturb the good order and quiet of the city, first, by clamor and noise in the night season; second, by intoxication and drunkenness; third, by fighting; and, fourth, by using obscene or profane language on the sidewalks, streets, or other public places of the city to the annoyance of any of its citizens. Under the second class it is unlawful to endanger or violate the public peace in any other manner by indecent and disorderly conduct, first, when such

conduct directly disturbs the tranquility of the city; second, when it consists in abusing, insulting, striking, beating, threatening to fight, provoking to quarrel, or any other unlawful act against the person of any individual detrimental to public peace; or, third, when there is lewd and lascivious behaviour tending to subvert good order. It is thus apparent that under the first class the offense may be committed in four different ways. The affidavit does not attempt to state an offense within the first class, for the reason that it does not allege facts to bring it within any one of the four ways in which the ordinance may be violated under that class. And it is also clear that the affidavit does not fulfill the requirements of the second class, because there is no allegation that the conduct of the defendant was indecent, which is an essential element of the offense under the second class, and because it does not follow the language of the ordinance as to one or more of the different ways the ordinance may be violated under the second class.

The rule as to an affidavit, which would be the same as to an indictment, is aptly and cogently stated in *Hagar* v. *State,* 35 Ohio St., 268, from which we quote the following:

"In charging an offense in an indictment, it is not good practice to omit the words of the statute which define the crime. The safer course is to employ them; and, while this is not always indispensable to the validity of the indictment, it is clear that if they are omitted the defect will be fatal, unless the words used are the precise equivalent of the words of the act, or, at least, plainly and necessarily include them. * * * From this it

is not to be inferred that an indictment which simply pursues the language of the statute is sufficient, for in many cases something more is required.''

Under this rule the affidavit in this case is obviously defective, for the reason that it does not follow the language of the ordinance, nor does it use words which are the precise equivalent of those employed in the ordinance, nor does the language employed in the affidavit plainly and necessarily include the language of the ordinance so as to state an offense.

In the case of *King* v. *New London,* 8 N. P., (N. S.), 34, 19 O. D., (N. P.), 411, it was held that under an ordinance making indecent conduct a punishable offense the affidavit must state what act or acts on the part of the defendants are claimed to be indecent conduct. This case is relied upon by plaintiff in error as an authority to sustain the contention that the affidavit in the instant case is defective in not setting out the specific acts constituting disorderly conduct. In the case cited, there was a motion to quash the affidavit for indefiniteness in failing to set out the specific acts of indecent conduct, and that fact alone would be sufficient to distinguish it from the instant case. Under many ordinances making disorderly conduct an offense, it is essential, as against a motion to quash, to set out in the affidavit the specific acts constituting the disorderly conduct. However that may be, it suffices to say, with reference to the instant case, that the affidavit did not employ the language of the statute, or what was equivalent thereto, as stated. Had it done so, the courts below may well have found justification in holding it good after conviction; the question having been raised then for the first time.

It is essential to constitute a good affidavit that it must aver, with reasonable certainty, all the material facts necessary to be proved to warrant a conviction. *Ellars* v. *State,* 25 Ohio St., 385, 388. This rule applies, not only to indictments, but also to affidavits in prosecutions before a municipal court upon charges based upon the violation of a city ordinance. It is fundamental, in criminal law, that there can be no valid conviction without a sufficient charge. To determine whether there is a sufficient charge, we may apply the test of determining whether the defendant might be guilty of everything stated in the affidavit and yet not violate the ordinance. Disorderly conduct, which disturbs the good order and quiet of the city, but is not indecent, and consists only of clamor and noise in the daytime, and not in the night season, would not be an offense under this ordinance, and yet proof of these facts would amount to proof of every allegation of the affidavit. The affidavit is therefore fatally defective, and the judgments of the lower courts must be reversed and the defendant discharged.

It does not follow, however, that the defendant may not be tried again, upon a valid charge, as he has not been legally charged with a violation of the ordinance in question. A proper charge under the ordinance may be filed against him, and he may be placed on trial. It is also true that if he has violated any state law he may be prosecuted for such violation, notwithstanding his conviction upon the defective affidavit.

*Judgment reversed and defendant discharged.*

Richards, P. J., and Young, J., concur.