**MORENO, EX PARTE In Re.**
**LUNCE, EX PARTE In Re.**

Ohio Appeals, First District, Hamilton County.

Nos. 6980, 6981. Decided July 8, 1948.

Louis C. Capelle, Cincinnati, for relator-appellant.

Henry M. Bruestle, City Solicitor, Robert J. Paul, City Prosecutor, Don Burkholder, Asst. Prosecutor, Cincinnati, for respondent-appellee.

## OPINION

By ROSS, J.:

These appeals on questions of law from judgments of the Court of Common Pleas of Hamilton County are considered together. They involve similar questions. The appellants appealed to the Court of Common Pleas for writs of habeas corpus, upon the ground that their conviction and commitment to the Cincinnati Workhouse were unauthorized and

contrary to law. From the record it appears that the commitment upon which Helen Moreno is held is in the following terms:

"The State of Ohio
State of Ohio,
Hamilton County,    SS The Municipal Court of Cincinnati.
City of Cincinnati,
To the City Manager of the City of Cincinnati, Ohio, Greeting:
    Whereas, Helen Moreno, hereinafter referred to as the defendant, having been arrested on a sworn complaint of one John Fahnbach, charging said defendant with §4131 GC. Habitual Offender, said offense having been committed in the City of Cincinnati, County of Hamilton and State of Ohio, on the — day of Jan. 12/48, and this day the above named defendant having been tried and convicted of the charge before the Honorable Frank M. Gusweiler, Judge of the Municipal Court of Cincinnati, said defendant not having demanded the right of a trial by jury, and sentenced by said Court to be imprisoned in the Work House of Cincinnati, Ohio, under the direction, management, and control of the City Manager of Cincinnati, Ohio, and kept for the term of 3 Years from the date of the within commitment, and pay a fine of —— Dollars, and the costs of prosecution 4 Dollars and —— cents, and that he stand committed to the Work House of Cincinnati, Ohio, until said fine and costs are paid, or until he is discharged therefrom by allowing a credit of three dollars per day on such fine and costs for each day's imprisonment in such Work House, or until otherwise discharged by due course of law.
    Therefore, in the name of the State of Ohio we command you as City Manager of Cincinnati, Ohio, and Keeper of the Work House of Cincinnati, Ohio, to receive the said Helen Moreno, the above named defendant in your custody in the Work House of Cincinnati, Ohio, there to remain until he has fully executed the terms of the sentence set out in this commitment or until otherwise discharged by due course of law.
    In Testimony whereof, I have hereunto set my hand, and affixed the seal of this Court at Cincinnati, Ohio, this —— day of Jan. 16, 1948.
                    .    ELMER HUNSICKER,
                      Clerk of the Municipal Court
            By    (Signed) J. DICKHONER,
                      Deputy Clerk."

The commitment of Charles Lunce is in like terms.
Also among the exhibits is an affidavit forming the basis for the commitment of Charles Lunce as an habitual offender.

This affidavit is in the following terms:

"State of Ohio,
Hamilton County, SS                    Affidavit
City of Cincinnati,        The Municipal Court of Cincinnati
    John Fahnbach, being first duly cautioned and sworn, deposeth and said that one Charles Lunce having been sentenced to the Cincinnati Workhouse on July 7, 1947 for 13 days being case No. 87462 and having been sentenced to the Hamilton County Jail on Sept, 6, 1946 for 30 days being case No. 54700 and having been sentenced to the Cincinnati Workhouse on Aug. 11, 1945 for 30 days being case No. 53693, and having been sentenced to the Cincinnati Workhouse on August 11, 1945 for 12 months being case No. 53699, on or about the 12 day of January, A. D., 1948, at and in the City of Cincinnati, County of Hamilton, and State of Ohio, shall be deemed to be an habitual offender each previous conviction having been for a violation of a city ordinance or state misdemeanor, contrary to and in violation of §4131 GC and against the peace and dignity of the State of Ohio.
    Sworn to and subscribed before me and filed in this Court this 12 day of January, A. D., 1948.
        ELMER F. HUNSICKER,
        Clerk of the Municipal
        Court of Cincinnati,
By R. Underwood,

            Deputy Clerk.              John Fahnbach."

    That applying to Helen. Moreno reads:

"State of Ohio,                      Affidavit
Hamilton County, SS    The Municipal Court of Cincinnati
City of Cincinnati,
    John Fahnbach, being first duly cautioned and sworn, deposeth and said that one Helen Moreno having been sentenced to the Cincinnati Workhouse on January 21, 1937 for 30 days being case No. 33781, and having been sentenced to the Hamilton County Jail on March 3, 1937, for thirty days being case No. 42977, and having been sentenced to the Hamilton County Jail on Sept., 6, 1946 being case No. 54700 for 30 days, and having been sentenced to the Cincinnati Workhouse on July 7, 1947 for 13 days being case No. 87464 on or about the 12 day of January, A. D., 1948 at and in the City of Cincinnati, County of Hamilton, and State of Ohio, shall be deemed to be an habitual offender, each previous conviction

having been for a violation of a city ordinance or State misdemeanor, contrary to and in violation of §4131 GC and against the peace and dignity of the State of Ohio.

Sworn to and subscribed before me and filed in this Court this 12 day of January, A. D., 1948.

ELMER F. HUNSICKER,
Clerk of the Municipal
Court of Cincinnati,

John Fahnbach.

By R. Underwood,
Deputy Clerk."

These affidavits formed the basis for the charges resulting in the commitment of the appellants to the workhouse.

It will be noticed in each of these affidavits that four separate, distinct offenses are listed, resulting in four separate sentences and that each is under a separate number of the Municipal Court docket and was a separate prosecution. It will also be noted that the affidavit upon which commitment is predicated is under a distinct, separate number, towit: as to Charles Lunce, No. 98,139, and as to Helen Moreno, No. 98,138, and appear to constitute separate prosecutions. These numbers are found on the backs of the affidavits admitted in evidence.

Sec. 4131 GC, provides:

"Every person who, after having been three times convicted, sentenced and imprisoned in any workhouse or workhouses for offenses committed in this state, whether in violation of law or ordinance, shall be convicted of a fourth misdemeanor, whether committed in violation of an ordinance of a municipality or law of the state, punishable by imprisonment in any workhouse within this state, shall, upon conviction for such offense be held and deemed to be an habitual offender, and shall be imprisoned in a workhouse for a period of not less than one year nor more than three years. In all such cases the court may order that the offender stand committed to such workhouse until the costs of prosecution are paid. The fact of former convictions shall be charged in the information or complaint and, if proved, shall be stated in the commitment. A pardon for a former offense granted on the ground of innocence shall operate as a full defense in any charge under this section of a prior conviction for such offense."

In **State of Ohio v Stewart, 79 Oh St, 340,** the Court there had §4131 GC, under consideration, and it is evident properly construed that statute as merely providing for a heavier penalty upon conviction of the **fourth** misdemeanor. There is no

provision in the statute upon which can be predicated a distinct and separate offense and prosecution, to-wit: of being an "Habitual Offender" such as is charged in the affidavits quoted herein. On page 342 of the opinion in the Stewart case, quoting from **Blackburn v State, 50 Oh St, 428,** the Court say as to the Habitual Criminal Act:

" 'The statute does not create a new offense, but attaches an additional penalty to the commission of any felony, where the perpetrator thereof has been twice previously convicted * * *,' "

The commitments, contrary to the requirements of §4131 GC, do not carry therein "the fact of former convictions."

In addition, it appears from the affidavit of Helen Moreno that two of the four sentences charged were to the "Hamilton County Jail." The statute refers only to incarcerations in the "workhouse".

In the case of Charles Lunce, one of the four was to the "Hamilton County Jail."

Criminal statutes applicable to creation of crimes and offenses and procedure thereunder are strictly construed. **12 O. Jur., p. 53, Section 12, Criminal Law.; City of Cleveland v Jorski, 142 Oh St, 529; State of Ohio v Associated Investment Co., 136 Oh St, 456.**

Confinment in a County Jail is not confinement in a workhouse.

The statute in question involves—by repeated use of the term—only confinement in workhouses.

It is contended that the improper, unlawful commitment can not be questioned in a habeas corpus proceeding. The conclusion of the Court of Appeals for Franklin County to the contrary seems to state the better rule. **State, ex rel. Bailey v Henderson, etc., 76 Oh Ap, 547.** One cannot be convicted or imprisoned for an offense, which is not made the subject of a statute or ordinance. There is no such crime as being an habitual offender. The repeated confinement in the workhouse for previous offenses should have been stated in the fourth affidavit charging an offense, thus, upon proof, justifying the heavier penalty provided by §4131 GC, for a fourth conviction. A charge, conviction, and commitment under such a charge is therefore void, and the relators are unlawfully restrained of their liberty.

The judgment of the Common Pleas Court is reversed and a writ may issue as prayed for by each appellant.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.