**HAMILTON, Ex Parte, Relator-Appellant, v. RUSSELL, Respondent-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2012.   Decided December 27, 1948.

Louis C. Capelle, Cincinnati, for relator-appellant.
Herbert S. Bean, City Atty., Cecil E. Edwards, Asst. City Atty., Dayton, for respondent-appellee.

### OPINION

By HORNBECK, J.

The appeal is from a judgment of the Common Pleas Court denying a writ of habeas corpus to appellant on final hearing and trial had.

We do not have the petition, but it may be assumed that it is in the usual form. The claim of the appellant is that he was not properly charged with an offense and that he was improperly sentenced and committed. The briefs of the parties and the arguments of counsel were directed to one

charge and one commitment. The record contains two charges and two commitments. If the appellant is properly held on either, the writ must be denied.

One charge is that on or about January 7, 1946, relator was found within the city limits of Dayton at a place there named in a state of intoxication. There is no judgment and sentence on this charge but there is a commitment in regular form directed to respondent, wherein it is recited that the relator was charged and found guilty of intoxication. The sentence is for a number of days from the 9th of January 1949, the 9 being written over a 6, and to pay a fine of $100.00 and costs. The commitment was dated January 9, 1946.

Inasmuch as there is no order and sentence of the trial judge upon which the commitment could issue, and also because, if the relator had been properly committed, his sentence would have been served working out his fine and costs at the per diem allowance, we may properly determine that relator should not legally be held under this commitment.

We then give consideration to the ground upon which the cause was presented to the trial court and urged here, namely, the invalidity of the other proceedings by which the relator is now being held by the respondent.

On this claim, the relator was charged in the usual form of violating Section 926 of the ordinances of the City of Dayton, Ohio in that he unlawfully loitered at the place named, in the City of Dayton. Then followed this further subject matter,

"The said Paul Hamilton, having been three times convicted, sentenced and imprisoned in the workhouse of the City of Dayton, Ohio, for offenses committed in the State of Ohio, to wit: November 11, 1944, Case No. 20276, loitering; September 2, 1945, Case No. 30266, loitering; December 12, 1943, Case No. 4313, loitering, contrary to §4131 GC, etc."

The judgment entry on this charge recites that "the cause came on to be heard upon the issue joined and the evidence * ¹ * and the court * * * does find the defendant guilty of loitering in violation of the Habitual Offender Act as he stands charged in the affidavit filed herein." The commitment recites the trial and conviction of relator of unlawfully loitering, as charged in the affidavit with the addenda as carried therein, and the further recital that he had been sentenced to be imprisoned in the Workhouse in the City of Dayton for a term of three years from January 9, 1946.

Several errors are assigned. First, that §4131 GC, defining an habitual offender, does not constitute a crime. Second, that the plaintiff did not waive a trial by jury in writing. Third, that §4131 GC violates the constitution of the State of Ohio in that it provides for cruel and inhuman punishment.

Upon the second and third assignments we find against the claim of appellant. We discuss the first as we consider the general proposition whether or not upon the proceedings appearing, the trial court erred in refusing to hold that the relator was illegally restrained of his liberty. **Sec. 4131 GC,** insofar as pertinent, provides:

"Every person, who, after having been three times convicted, sentenced and imprisoned in any Workhouse * * * for offenses committed in this state, whether in violation of law or ordinance, shall be convicted of a fourth misdemeanor, whether committed in violation of an ordinance of a municipality or law of the state, punishable by imprisonment in any Workhouse within this state, shall, upon conviction for such offense be held and deemed to be an habitual offender and shall be imprisoned in a Workhouse for a period of not less than one year nor more than three years * * *."

We are cited to **Moreno, ex parte, In Re., Lunce, ex parte, In Re, 52 Abs 58,** October 9, 1948, page 58, First District, the third headnote of which reads:

"**Sec. 4131 GC** does not create a separate, distinct crime, for which one may be sentenced to the Workhouse, but, on the contrary, merely attaches an additional penalty to the commission of a misdeameanor, where the perpetrator thereof has been three times previously convicted of misdemeanors and sentenced to the Workhouse."

The decisive question in this case did not especially relate to the proposition of law set out in the third headnote. We agree that the section must be considered in conjunction with the other offenses therein set out, and may not be given application unless and until it is charged and proven that a defendant has been three times convicted and imprisoned in a workhouse, and further, charged and proved that a fourth misdemeanor has been committed carrying the same penalty. Testing the affidavit in this respect, we are of opinion that it conforms in substantial averments to the law. It is true that the affidavit is concluded with the charge contrary to §4131 GC,

but that part of the affidavit which goes before is sufficient, in that it charges a fourth offense under an ordinance punishable by imprisonment in a workhouse and also that the defendant has been three times convicted, sentenced and imprisoned in the workhouse of the City of Dayton and details the dates, the numbers of the cases and the charges. The affidavit incorporates all of the essentials requisite, if proven, to give the court authority to impose sentence, as provided in §4131 GC.

The order reciting the trial and conviction of the defendant is inadequate in particulars. First, it adjudges that the defendant is found guilty of loitering in violation of the habitual offender act as he stands charged in the affidavit. There is no such charge, nor can it be said that because of the finding alone that the defendant is guilty of loitering, there has been a violation of the habitual offender act. It is material and essential to the judgment order that it recite a finding of guilt of the charge of loitering, and a further finding, that the defendant had three times theretofore been convicted, sentenced and imprisoned in the workhouse of the City of Dayton, Ohio, setting out the specific offenses as charged. There is another infirmity in the record of the proceedings as made up in the bill in that it does not carry any sentence of the court which is an essential to any commitment. That there must be such a pronouncement, and that it must be carried into a proper written order of the court, is manifest.

Sec. 1345-13 GC. To be a valid sentence it must in and of itself be so definite and certain as to advise the prisoner and officer charged with the execution of the sentence of the time of its commencement and termination. The commencement and termination thereof must be definitely fixed in the judgment. 12 O. Jur. 699 and cases cited.

It may be that there is a judgment order and sentence which succeeded the order finding the defendant guilty as charged. Such an entry would be appropriate following the finding of guilt, either in the same or another entry, but if there is such an order it is not carried into the bill of exceptions and we can not assume that it was entered as a part of the proceedings in the cause.

In fairness to the trial judge, it should be said that, in probability, our final reason for the granting of the writ of habeas corpus, and the infirmity in the proceedings committing the relator, was not urged and probably not presented in argument at the original hearing. Inasmuch, however, as

the invalidity of the proceedings upon which the commitment was issued is so material, it would be an injustice to the relator upon this record to refuse him the relief prayed.

The writ of habeas corpus should have been granted as prayed and the judgment of the Common Pleas Court denying its issuance was erroneous and prejudicial to the rights of the appellant. Judgment will be reversed, writ as prayed may issue and cause will be remanded.

WISEMAN, PJ, and MILLER, J, concur.

## ON APPLICATION FOR REHEARING

No. 2012. Decided January 13, 1949.

By THE COURT:

Submitted on application of appellee for rehearing, based upon the claim that certain records in the Police Court of the City of Dayton, which were not before this court, would require a different judgment. The statement in the memorandum attached to the motion clearly discloses that the evidence upon which appellee relies was not before this court nor before the trial court. The trial court in the first instance, and this court upon review on questions of law, was restricted in its consideration of the facts to the evidence developed by testimony taken or presented by stipulation at the trial. We know of no procedure by which the evidence suggested could be brought upon the record at this late date.

The application will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.