EX PARTE BRIGGS.

(No. 2057—Decided June 24, 1949.)

Mr. *Louis C. Capelle,* for petitioner.

Mr. *Cecil E. Edwards,* for respondent James Russell; Superintendent, City of Dayton Workhouse.

HORNBECK, J.   The action is in habeas corpus praying for the discharge of petitioner from the workhouse of the city of Dayton, Ohio, to which he was committed from the Municipal Court of Dayton.

The petition recites that petitioner was unlawfully imprisoned and restrained by virtue of a "certain pretended instrument of writing of which a true copy is hereto attached, marked 'A,' " etc. No such exhibit is attached to the petition but upon the averments of the answers and statements of defendant in his brief, which are binding upon him, it appears that petitioner was brought to trial upon a complaint charging that he "did unlawfully cause a disturbance in the city of Dayton, to wit:   At Germantown street and Hawthorne street by disorderly behavior, contrary to Section 1036 of the General Ordinances of the city of

Dayton, Ohio,'' and charging further that he had been four times previously convicted and sentenced to the workhouse of the city of Dayton for offenses, three of which were committed in the city of Dayton, setting out the numbers of the cases, the dates of the convictions and sentences and the offenses by name and, further, that ''the said Joe Briggs having also been convicted and sentenced by the Municipal Court of Lima, Ohio, on a charge of entering an inhabited house on November 24, 1947. Contrary to Section 4131, Habitual Offender Act, G. C. of Ohio.''

The entry effectuating the sentence of the court was not on file at the time the petitioner was turned over to the defendant but was spread upon the record of the court *nunc pro tunc* as of the 26th of December, 1947, the date of the sentence. This entry sets out substantially the language of the charge, makes a finding that the defendant had entered a plea of guilty, as charged, and carries the sentence for a term of three years in the workhouse of the city of Dayton. It is the claim of the petitioner that he is held on a void commitment in that neither the charge to which he entered his plea nor the sentence authorized his detention because the charge did not state an offense as defined in Section 4131, General Code.

The defendant does not meet this claim in his brief by argument or authority but asserts that on February 3, 1949, petitioner filed his petition in habeas corpus in the Court of Common Pleas of Montgomery County, which resulted in a denial of the writ and that no appeal was taken from that decision. If it is the purpose of defendant to raise the question of *res judicata*, it can not be done by merely stating in a brief what defendant understands the facts to be. *Res judicata* should be set up in a formal way by proper plead-

ing and all the material elements of that defense should be stated. In support of his position defendant cites *Ex parte Pharr*, 10 Ohio App., 395. That case holds that if a judgment in a criminal case is erroneous, but not absolutely void, it can not be collaterally attacked. We are also cited to a part of one sentence from Judge Crawford's decision denying the relief sought which, without more, manifestly is of no assistance to us. However, we have had access to Judge Crawford's opinion in the habeas corpus proceeding and find that it is grounded upon the proposition that there was no evidence whatever offered to support the petition. Manifestly, this is of no benefit whatever to the defendant because the court made no adjudication upon any facts. As a matter of fact, plaintiff would have been in the same situation in this court had not the defendant by answer and brief provided enough factual matter to afford the basis of an adjudication. The other cases cited by defendant go no further than the one which we have discussed.

It is said in 20 Ohio Jurisprudence, 508:

"The refusal of a court to issue a writ of habeas corpus is not a bar to the consideration of another application in another court, nor is the decision of a court or officer upon a habeas corpus proceeding, refusing to discharge a prisoner, a bar to the issuing, by another court or judge, of another writ, based upon the same facts." Citing *In re Luetzler* v. *Perry, Sheriff*, 18 C. C., 826; *In re Mullaney*, 8 N. P., 49, 10 O. D. (N. P.), 419.

The determinative question here is well projected by the language of the Code, Sections 12161 and 12165, General Code. The former section provides that "A person unlawfully restrained of his liberty * * * may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment * * *."

Section 12165, General Code, provides:

"If it appears that the person alleged to be restrained of his liberty is in custody of an officer * * *, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to * * * render the judgment, or make the order, the writ shall not be allowed * * *."

Did the municipal judge have jurisdiction to sentence the petitioner as an habitual offender? This requires consideration of the charge. Manifestly, the judgment can rise no higher than the offense charged and if no offense is charged no valid commitment to the workhouse could have been made.

The section under which the prosecution was had is Section 4131, General Code, providing:

"Every person who, after having been three times convicted, sentenced and imprisoned in any workhouse or workhouses for offenses committed in this state, whether in violation of law or ordinance, shall be convicted of a fourth misdemeanor, whether committed in violation of an ordinance of a municipality or law of the state, punishable by imprisonment in any workhouse within this state, shall, upon conviction for such offense be held and deemed to be an habitual offender and shall be imprisoned in a workhouse for a period of not less than one year nor more than three years * * *. The fact of former convictions shall be charged in the information or complaint and, if proved, shall be stated in the commitment. * * *"

It will be noted that certain elements of the offense are that prior to the conviction of a fourth misdemeanor it shall appear that the offender has been three times convicted, sentenced and imprisoned in a workhouse. The affidavit charges the three convictions and sentences but is silent as to any imprisonment in a

workhouse. Is this omission vital to the charge of a violation of Section 4131, General Code? In our judgment it is.

As early as *Blackburn* v. *State*, 50 Ohio St., 428, 36 N. E., 18, the court had under consideration the habitual criminal act of May 4, 1885, 82 Ohio Laws, 237, and held (paragraph two of the syllabus):

"To authorize a sentence of imprisonment for life under that statute, the indictment should allege that the defendant had been previously twice convicted, sentenced and imprisoned, in some penal institution for felonies, describing each separately."

The act provided that:

"Every person who, after having been twice convicted, sentenced and imprisoned in some penal institution for felony, whether committed heretofore or hereafter, * * * shall be convicted, sentenced and imprisoned in the Ohio penitentiary for felony hereafter committed, shall be deemed and taken to be an habitual criminal * * *."

At page 437, Chief Justice Bradbury, the writer of the opinion, said:

"The proof should cover every material averment of the indictment and the verdict establish every fact made necessary by the statute to the judgment pronounced by the court."

The language of the act there under consideration is so similar to that of Section 4131, General Code, as to constitute the adjudication of much value. The present Habitual Criminal Act, Sections 13744-1 to 13744-3, General Code, does not include the language which was under consideration in the *Blackburn case.*

It is recognized that criminal statutes must be strictly construed and especially is this true where the penalty prescribed is severe, as it is in the instant

case. 24 Corpus Juris Secundum, 1144; 25 American Jurisprudence, 260. *Lerch* v. *City of Sandusky,* 23 Ohio App., 109, 155 N. E., 393, which also holds that there can be no valid conviction in a criminal case unless the affidavit charges an offense. Judge Williams, later of the Supreme Court, at page 112 of the opinion, quotes with approval from *Hagar* v. *State,* 35 Ohio St., 268:

"In charging an offense in an indictment, it is not good practice to omit the words of the statute which define the crime. The safer course is to employ them; and, while this is not always indispensable to the validity of the indictment, it is clear that if they are omitted the defect will be fatal, unless the words used are the precise equivalent of the words of the act, or, at least, plainly and necessarily include them."

It is not necessary to cite authority to establish that "convicted," "sentenced" and "imprisoned in any workhouse" all are words of different meaning and neither is the precise equivalent of the other, so that a charge omitting any one of the words or the phrase fails to state one of the material elements of the offense defined. See, also, *Hamilton, Ex parte,* v. *Russell,* 54 Ohio Law Abs., 57.

In *People* v. *Brown,* 253 Mich., 537, 235 N. W., 245, 82 A. L. R., 341, there was a plea of guilty to a charge failing to state the material elements constituting the offense, and the court said that "the record fails to show a plea of guilty covering the elements of the offense." In *State* v. *Parker,* 150 Ohio St., 22, 80 N. E. (2d), 490, the defendant was prosecuted under Section 13064, General Code, which made it an offense for one for his own profit to carry on a scheme of chance. The indictment failed to charge that the scheme of chance was promoted for defendant's own profit. The court held, notwithstanding the general averment that

the acts were contrary to the form of statute in such cases made and provided, the indictment was demurrable and did not constitute an offense punishable by the laws of this state.

Petitioner, by his plea of guilty, admitted culpability only for the elements set out in the formal complaint and as it did not include the charge that he had been imprisoned in a workhouse or workhouses for the offenses of which it was claimed he had been convicted and sentenced, he had not plead guilty to the offense sought to be charged, and no sentence could properly be pronounced committing him to the workhouse upon such plea.

It is also urged that the complaint was void because it did not set out the prior specific offenses as charged. We do not believe this claim is of sufficient consequence to affect the jurisdiction of the trial court.

It is asserted also that the *nunc pro tunc* entry is invalid in that it does not conform to certain requirements essential to such an entry. Though it may be conceded that the entry is not all that is to be desired, there is no doubt of the right of the court to make it *nunc pro tunc,* or that it carried a sentence of the court under the plea of guilty of the petitioner.

The prayer of the petition will be granted and petitioner discharged.

*Petitioner discharged.*

MILLER, P. J., and WISEMAN, J., concur.