STATE, ex rel. DALEY, Petitioner, Plaintiff, v. MYERS, Supt., Defendant.

Ohio Appeals, Tenth District, Franklin County.

No. 5921. Decided May 6, 1958.

W. S. Lyman, Sr., Columbus, for plaintiff.

Russell Leach, City Atty., Bernard T. Chupka, City Pros., Columbus, for defendant.

## OPINION

By PETREE, PJ.

This is an original action in which petitioner, Edward J. Daley, applied for a writ of habeas corpus seeking release from the City of Columbus, Ohio, Workhouse.

His application was filed on March 26, 1958, and the defendant was given until April 24, 1958, to make return and show by what authority he was holding said Edward J. Daley. Reference may be had to the application itself for the claims of the petitioner. They are, in substance, that the affidavit fails to charge an offense under the Habitual Criminal Act, §753.07 R. C., and fails specifically to allege any offense whatsoever; that said affidavit is so vague and uncertain in every particular that he could not understand what offense, if any, he was charged with. He further avers that §753.07 R. C., is unconstitutional in that it fails to differentiate between offenses involving moral turpitude. and is both vague and indefinite and, further, that the judgment entry and commitment to the City of Columbus Workhouse is illegal, invalid and uncertain and fails to comply with the statutory laws of Ohio and to show any violation of any laws; and, finally, he avers that neither affidavit of [or] judgment entry of commitment fails to show any conviction for a fourth offense as defined by §753.07 R. C. Whereupon he says that he is illegally imprisoned and restrained of his liberty in violation of his constitutional rights.

The defendant produced the petitioner, Edward J. Daley, in court along with the transcript and mittimus, which was admitted into evidence as relator's Exhibit 3. This was offered in evidence by W. S. Lyman, Sr., attorney for the petitioner.

Likewise, Exhibit 2 was offered, which was a transcript of the record of the conviction and sentence in said case, which was No. 23459, by the Clerk of the Municipal Court of Columbus, Ohio, authenticated by J. A. McHale, Deputy.

Exhibit 1 was the original affidavit offered by counsel for petitioner and reads as follows:

"AFFIDAVIT

"THE STATE OF OHIO,    )       The Municipal Court
    Franklin County,      )ss.          of the City of
       City of Columbus    )             Columbus.

"Paul Jordan being first duly cautioned and sworn, deposeth and saith that one Edward Daley on or about the 4th day of February A. D. 1956, at the City of Columbus, County of Franklin, and State of Ohio, did in the Municipal Court of the City of Columbus, Ohio, the said Edward Daley was convicted of the crime of Intoxication, Sec. 29.20-1 Columbus City Code, and this same date sentenced and imprisoned in the Columbus Workhouse for 30 days and fined $50.00 and costs. Case No. 4161.

"Again, on the 18th day of June, 1956, in the Municipal Court of the City of Columbus, Ohio, the said Edward Daley was convicted of the crime of Intoxication, Sec. 29.20-1 Columbus City Code, and this same date sentenced and imprisoned in the Columbus Workhouse for 30 days and fined $50.00 and costs. Case No. 22618.

Again on the 27th day of July, 1956, in the Municipal Court of the City of Columbus, Ohio, the said Edward Daley was convicted of the crime of Intoxication, Sec. 29.20-1 Columbus City Code, and this same date sentenced and imprisoned in the Columbus Workhouse for 15 days and fined $10.00 and costs. Case No. 26454.

Again on the 10th day of October, 1957, the said Edward Daley was found in a state of intoxication at 1206 East Main Street, rear, at 4:45 P. M. this being in violation of section 29.20-1 CC contrary to statute in such cases made and provided and against the peace and dignity of the state of Ohio, further deponent says not.

"Sworn to and subscribed before me, this)
14 day of Oct. A. D. 1957             )
    "P. W. Spence,      )
Clerk of the Municipal    )   /s/ Paul Jordan
Court of the City of      )
Columbus.                )
"By /s/ O. R. Lash Deputy"

The transcript and mittimus referred to as Exhibit 3 above contains a copy of the body of the affidavit together with the following language:

"Therefore, in the name of the City of Columbus, you are hereby commanded to receive the said Edward Daley in your custody, in the workhouse of the city aforesaid, there to remain for the term of Two Years days and until a fine of Fifty Dollars, and also Eight Dollars for the costs therein taxed are paid, or secured to be paid, or unless otherwise discharged by due course of law, and for which this shall be your warrant.

"I hereby certify that the foregoing contains a full transcript of the record of said case in said Court.

"Given under my hand and seal of said Court this 14 day of Oct. A. D., 1957."

This mittimus was certified by P. W. Spence, by P. Bryant, Deputy.

There was no objection on behalf of the defendant to the admission of these three exhibits and defendant, through counsel, denied that he was unlawfully or illegally detaining petitioner, Edward J. Daley, and was granted the privilege of filing a written denial subsequent to the hearing, which written return was filed with the court on April 28, 1958.

The return also indicates by an entry attached that the same petitioner had filed an application for a writ of habeas corpus but was denied same in Case No. 200,891 in the Common Pleas Court. However, it is not necessary for this court to take notice of that decision or whether it is the same set of facts, for it has been held in Ex parte Briggs, 86 Oh Ap 215, at Page 217, that " 'The refusal of a court to issue a writ of habeas corpus is not a bar to the consideration of another application in another court, nor is the decision of a court or officer upon a habeas corpus proceeding, refusing to discharge a prisoner, a bar to the issuing, by another court or judge, of another writ, based upon the same facts.' " Cited in support thereof is In re Luetzler v. Perry, Sheriff, 18 C. C., 826.

There is sufficient shown in the exhibits, which include the affidavit, transcript and mittimus hereinbefore referred to, to make it apparent that the affidavit in this case was not defective and that the sentence of the court was duly authorized in the particular case under statute §753.07 R. C. We cannot agree with counsel for the petitioner that said section of the Code is unconstitutional on the ground which he claims, that it fails to differentiate between offenses involving moral turpitude.

Sec. 753.07 R. C., does not, in the wisdom of the Legislature, make it necessary that offenses should involve moral turpitude in order to authorize an imprisonment of from one to three years as an habitual offender, for one who has been three times convicted, sentenced and imprisoned in any workhouse for violation of law or ordinance.

The affidavit in this case sets forth that on February 4, 1956, the petitioner was sentenced and imprisoned in the Columbus Workhouse for thirty days and received a fine and costs; and that again, on June 18, 1956, he was sentenced and imprisoned in the Columbus Workhouse for thirty days and received a fine and costs; and again, on July 27, of the same year, he was sentenced and imprisoned for fifteen days and in addition thereto was given a fine and costs; and that again, on October 10, 1957, the affidavit alleges that said Edward J. Daley was found in a state of intoxication at 1206 East Main Street, this being in violation of Section 29.20-1 CC. This is alleged to be contrary to the statutes in such cases made and provided. He was found guilty of this fourth offense.

It is apparent that this affidavit sets forth three previous convictions, sentences, and imprisonments and also that it sets out a fourth

charge which is punishable, upon conviction, by imprisonment. We hold, therefore that the affidavit was not vague and sets forth an offense as contemplated by §753.07 R. C. The writ of habeas corpus will be denied. Writ denied.

BRYANT and MILLER, JJ, concur.