**HARVEY, Plaintiff-Relator, v. MYERS, Defendant-Respondent.**

Ohio Appeals, Tenth District, Franklin County.

No. 6295.   Decided December 22, 1959.

W. S. Lyman, Sr., Columbus, for plaintiff-relator.

Russell Leach, City Atty., Bernard T. Chupka, Pros. Atty., Columbus, for defendant-respondent.

## OPINION

By BRYANT, PJ.

Mrs. Jessie Harvey, plaintiff-relator herein, and a prisoner serving a one-year sentence in the Columbus Workhouse for being convicted of intoxication, fourth offense, has filed a petition for a writ of habeas corpus in this court naming as defendant-respondent, Smith L. Myers, Superintendent of the Columbus Workhouse.   Mrs. Harvey alleges that the judgment of the Columbus Municipal Court in which she received the one-year sentence and the order of commitment to the Columbus Workhouse are illegal, unlawful, in violation of her constitutional rights and void.

An order allowing the writ was issued after which the respondent appeared in this court bringing with him Mrs. Harvey, who was represented by her attorney.   Various records either from the Municipal Court or the workhouse were introduced and by stipulation became the record in this case.   Included in the papers produced were three orders of commitment ordering the imprisonment of Mrs. Harvey in the Columbus Workhouse and they constitute the defense of the defendant-respondent in this case.

A brief reference to the facts is necessary.   There are involved here two cases, three separate orders of imprisonment, and hearings and proceedings extending over a period of nearly ten months.

The first case, No. 23,461, was begun on December 29, 1958, with the filing of an affidavit charging Mrs. Harvey with being found intoxi-

cated, fourth offense, to which she pleaded guilty. The penalty is not less than one nor more than three years. The sentence entered on the court journal or half-sheet was thirty days, but the order of imprisonment sent to the workhouse provided a term of one year.

The second case, No. 18,784, was begun on September 14, 1959, with the filing of an affidavit charging Mrs. Harvey with being found intoxicated, first offense.

In the first case, the sentence was set aside on the contention that Mrs. Harvey pleaded guilty without benefit of counsel and after serving two or three days imprisonment, she was released and a new trial was ordered. On May 19, 1959, a second trial was had, she was found guilty and was placed on probation.

On September 14, 1959, Mrs. Harvey pleaded guilty to the charge of being found intoxicated in the second case, No. 18,784. The court sentenced her to thirty days on this conviction, revoked the probation on the earlier charge and imposed sentence on that charge of one year in the workhouse, the second sentence to be served concurrently.

The proceedings against Mrs. Harvey involve two ordinances of the city of Columbus. One of them is Section 2347.02 of the 1959 Columbus Codes penalizing any person "found in a state of intoxication." This ordinance formerly was Section 29.20-1 of the 1952 Columbus City Code and is closely patterned after §3773.22 R. C. (Sec. 13194 GC.)

The other city ordinance is Section 101.99(c) of the 1959 Columbus Codes, formerly Section 1.4-1 of the 1952 Columbus City Code. This section drastically increases (to one to three years) the penalty in case of a conviction for fourth offense and closely corresponds to §753.07 R. C. (Sec. 4131 GC.)

In case No. 18,874, filed on September 13, 1959, the affidavit charged being found "in an unlawful state of intoxication at 778 Grove," in Columbus, Ohio. (Emphasis ours.) As to this charge it was contended that because the alleged intoxication was at her home, the affidavit failed to charge an offense and was insufficient unless it was also alleged that there was a breach of the peace, disorderly conduct or some other violation. It was also contended that the ordinance was unconstitutional, that it conflicted with the state law and that city council lacked the power to enact it. However, it will serve no useful purpose to decide these questions for the reason that the sentence imposed has been fully served long since and the case is now moot.

In case No. 25,461 the affidavit contained the charge of being found intoxicated and contained allegations of three prior similar offenses to establish it as a fourth offense violation. Mrs. Harvey pleaded guilty to this affidavit and according to the half-sheet or journal of the municipal court, was sentenced to the Columbus Workhouse for thirty days plus a fine and costs. However, the order of commitment was for a term of one year. In such case, of course, the order of commitment was void but no further consideration need be given to it because after two or three days imprisonment it was set aside by the granting of a new trial.

Perhaps the most serious defect urged on behalf of Mrs. Harvey is that the affidavit in alleging the three prior offenses fails to state that

she was convicted in any of the three cases, merely stating she was sentenced and imprisoned. The ordinance authorizing the sharply increased penalty limits it to cases where prior to the fourth offense the defendant has been convicted, sentenced and imprisoned. In the case of **Ex parte Briggs, 86 Oh Ap 215,** decided by the Court of Appeals of Montgomery County, Ohio, it was held that allegations as to all three are required. The court said at page 219 of the opinion:

"It is not necessary to cite authority to establish that 'convicted,' 'sentenced' and 'imprisoned in any workhouse' all are words of different meaning and neither is the precise equivalent of the other, so that a charge omitting any one of the words or the phrase fails to state one of the material elements of the offense defined. See, also, **Hamilton, Ex parte, v. Russell, 54 Abs 57.".**

Because of this fatal defect it is not necessary to give detailed consideration to the other objections raised other than to point out the more serious ones including (a) failure of the affidavit to allege the year in which the fourth offense was committed, important because of the three-year limit in prosecuting misdemeanors and because the three prior offenses must have been committed within five years prior thereto; (b) failure of the affidavit to allege the city, county or state; (c) failure of the sentence to allow credit for the days previously served and (d) the notation upon the half-sheet that Mrs. Harvey was found guilty of "intoxication habitual offender." There is no such offense, the offense "being found in a state of intoxication."

For the reasons above set forth the prayer of the petition will be granted and the petitioner will be discharged.

DUFFY, J, concurs.
MILLER, J, not participating.