The State of Ohio, Appellee, *v.* Hymrod, Appellant.

(No. 7418—Decided October 1, 1963.)

*Mr. Earl W. Allison,* prosecuting attorney, for appellee.
*Mr. John J. Connors, Jr.,* for appellant.

*Per Curiam.* This is an appeal from the Common Pleas Court of Franklin County. Appellant was convicted on January 12, 1960, as a habitual criminal, fourth conviction, and sentenced to life imprisonment. Section 2961.12, Revised Code. This court granted leave to appeal on August 21, 1963.

The indictment states that appellant was previously indicted on certain specified charges. In each instance, the indictment states that he "entered a plea of guilty to the said charge in said indictment." The dates of the indictments and the dates of the pleas are alleged. No other facts are alleged.

Section 2961.12, Revised Code, provides:

"A person convicted of any of the offenses specified in Section 2961.11 of the Revised Code, who has been three times previously convicted of any of the said offenses, separately prosecuted and tried therefor either in this state or elsewhere, shall be adjudged an habitual criminal and shall be sentenced to imprisonment for the term of his natural life. Any of such convictions which result from or are connected with the same trans-

action, or result from offenses committed at the same time, shall be counted for the purposes of this section as one conviction."

It is apparent that the indictment does not allege that appellant was "convicted" of the offenses, nor does it state that the offenses were "separately prosecuted and tried." An essential element need not be explicitly alleged in an indictment if there are facts alleged from which it can be inferred. In the present case, there are no other facts alleged from which to infer that appellant was "convicted."

In our opinion, the indictment fails to allege all the essential elements. See *Hamilton* v. *Russell* (1948), 54 Ohio Law Abs., 57; *Ex Parte Briggs* (1949), 86 Ohio App., 215; *Harvey* v. *Myers, Supt.* (1959), 110 Ohio App., 469; *State* v. *Shank* (1962), 115 Ohio App., 291.

In view of the fact that this is a direct attack by way of appeal, the conviction and sentence must be reversed and vacated, and the indictment dismissed.

There is a "nunc pro tunc" entry of June 7, 1961, vacating a previous sentence. Since that entry is part of this proceeding, and since the entire proceedings are being vacated and dismissed, that entry will be vacated as well.

The judgment of the Common Pleas Court is reversed and vacated.

*Judgment reversed.*

BRYANT, DUFFEY and TROOP, JJ., concur.