HUDLIN, APPELLANT, *v.* ALEXANDER, WARDEN, APPELLEE.

[Cite as *Hudlin v. Alexander* (1992), 63 Ohio St.3d 153.]

(No. 90–1538—Submitted October 15, 1991—Decided March 11, 1992.)

*Joseph Harvey Johnson,* for appellant.

*Lee I. Fisher,* Attorney General, and *Samuel N. Lillard,* for appellee.

*Per Curiam.* For the following reasons, we affirm the judgment of the court of appeals.

Appellee contends that the issue is *res judicata* because this court dismissed an original action in habeas corpus on the same facts. Appellant asserts that the issue is not *res judicata* because this court's dismissal of the same cause was not on the merits, but only because R.C. 2725.03 [1] limits its jurisdiction.

---

1. R.C. 2725.03 provides:

"If a person restrained of his liberty is an inmate of a state benevolent or penal institution, the location of which is fixed by statute, and at the time is in the custody of the officers of such institution, no court or judge other than the courts or judges of the county in which such institution is located has jurisdiction to issue or determine a writ of habeas corpus for his production or discharge. Such writ issued by a court or judge of another county to an officer

We reject appellant's argument. R.C. 2725.03 limits the territorial jurisdiction of courts of appeals—see *Bridges v. McMackin* (1989), 44 Ohio St.3d 135, 541 N.E.2d 1035—but does not affect the statewide jurisdiction of this court to hear original actions in habeas corpus.

On the other hand, we have never applied the doctrine of *res judicata* to successive habeas corpus petitions. In *Burch v. Morris* (1986), 25 Ohio St.3d 18, 19, 25 OBR 15, 16, 494 N.E.2d 1137, 1138, we stated that when an issue has been raised on direct appeal or through postconviction proceedings, it "may not later be relitigated by way of habeas corpus." However, the decision does not expressly disallow successive habeas corpus petitions.

In *In re Luetzler* (1899), 18 Ohio C.C. 826, 829, 9 Ohio C.D. 778, 791, the Sixth Circuit Court of Appeals, after reviewing English and American precedent, held that:

"[W]hat has been set forth in the answers as *res judicata* does not amount to a good plea in bar, and does not stand in the way of our proceeding to act upon this application [for writs of habeas corpus]; neither does it afford us just ground for refusing to act."

Citing *Luetzler*, the Courts of Appeals for Montgomery and Franklin Counties have reached the same conclusion in, respectively, *Ex parte Briggs* (1949), 86 Ohio App. 215, 41 O.O. 90, 87 N.E.2d 605, and *State, ex rel. Daley, v. Myers* (1958), 78 Ohio Law Abs. 534, 153 N.E.2d 531.

These decisions have received support from this court and the Supreme Court of the United States. For example, in *National Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 63, 558 N.E.2d 1178, 1181, we stated:

"* * * [H]abeas corpus actions are exempt from *res judicata* because '[c]onventional notions of finality of litigation have no place where life or liberty is at stake * * *.' *Sanders v. United States* (1963), 373 U.S. 1, 8 [83 S.Ct. 1068, 1073, 10 L.Ed.2d 148, 157]."

However, more recently, the Supreme Court of the United States has limited the right to bring successive federal habeas corpus actions under the federal "abuse-of-the-writ" doctrine. *McClesky v. Zant* (1991), 499 U.S. ——, 111 S.Ct. 1454, 113 L.Ed.2d 517. In *McClesky,* the court traced the history of *res judicata* and *habeas corpus* in state cases, explaining that:

"At common law, res judicata did not attach to a court's denial of habeas relief. * * * The rule made sense because at common law an order denying

---

or person in charge at such state institution to compel the production or discharge of an inmate thereof is void."

habeas relief could not be reviewed.   * * * Successive petitions served as a substitute for appeal.   * * *

"As appellate review became available from a decision in habeas [corpus] refusing to discharge the prisoner, courts began to question the continuing validity of the common-law rule allowing endless successive petitions.   * * * Some courts rejected the common-law rule, holding a denial of habeas [corpus] relief res judicata.   * * * "   499 U.S. at ——, 111 S.Ct. at 1462, 113 L.Ed.2d at 535.

R.C. 2725.26 provides for appeal of habeas corpus cases.   Accordingly, we hold that the doctrine of *res judicata* is applicable to successive habeas corpus petitions.   In the instant case, petitioner had no appeal as of right because he filed his original petition in this court.   However, he elected voluntarily to receive and did receive a decision from the state's highest court in the first instance, which limited his right of appeal to a discretionary appeal to the United States Supreme Court.   By so choosing, he waived, in effect, R.C. 2725.26's right to appeal, and the doctrine of *res judicata* applies to him as well.

Accordingly, the court of appeals correctly dismissed the petition, and we affirm that judgment.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.