JOURNAL ENTRY and OPINION
{¶ 1} Petitioner David Clements appeals from a common pleas court order overruling his motion to vacate his 1994 convictions. We find no error in the common pleas court's ruling and affirm its judgment.
 {¶ 2} Appellant was charged in a two count indictment filed February 8, 1994, with felonious assault with firearm and peace officer specifications, and with having a weapon while under disability. Among other things, appellant submitted four notices of alibi witnesses prior to trial. Appellant waived his right to a jury trial and proceeded to trial before the court. At the conclusion of the trial, the court found appellant guilty of both charges and sentenced him to ten to twenty-five years' imprisonment on the felonious assault charge and an additional three years on the firearm specification, and one and one-half years' imprisonment on the weapons charge. The judgment of conviction and sentence was entered on June 29, 1994.
 {¶ 3} Appellant did not immediately appeal his convictions. Rather, he filed a motion in the court of appeals for leave to file a delayed appeal on March 27, 1996, Cuyahoga App. No. 70435. The court of appeals denied this motion on April 18, 1996, and also denied appellant's motion for reconsideration on September 17, 1996. Appellant filed a notice of appeal in the Ohio Supreme Court on October 30, 1996 which the supreme court dismissed on January 30, 1997.
 {¶ 4} Appellant next filed a motion to vacate his convictions on November 21, 2000, arguing that he was deprived of the effective assistance of counsel when his attorney failed to file a timely appeal from his convictions. The court denied this motion on December 4, 2000. Appellant moved the court to reconsider this decision, but the court also denied this motion on February 20, 2001.
 {¶ 5} On October 9, 2002, appellant filed a second motion to vacate, urging that the state had withheld exculpatory evidence and that he had received ineffective assistance at trial. The court also denied this motion.
 {¶ 6} Appellant next filed a motion for a new trial on February 14, 2005. The court overruled this motion on March 18, 2005. Appellant's appeal from this order was dismissed on June 30, 2005.
 {¶ 7} Appellant filed the motion to vacate which is the subject of the current appeal on September 26, 2005, arguing, again, that the state failed to disclose exculpatory evidence and that he received ineffective assistance of counsel. The court overruled this motion on October 18, 2005. Appellant then filed the present appeal.
 {¶ 8} Appellant does not dispute that his motion was not timely filed under R.C. 2953.21. He also does not dispute that he has not met the conditions set forth in R.C. 2953.23 for filing an untimely or successive petition. Instead, he urges that he should be allowed to pursue his untimely, successive petition because he has made a credible showing that he is actually innocent, providing a "gateway" for his claims of constitutional violation. In support of this proposition, he cites the United States Supreme Court's decision in Schlup v. Delo (1995),513 U.S. 298.
 {¶ 9} In Schlup, the supreme court held that a defendant who was unable to establish "cause and prejudice" so as to excuse his failure to present evidence in support of his first petition for a federal writ of habeas corpus could obtain review of his constitutional claims on a successive federal petition if his claims fell within the narrow class of cases implicating a fundamental miscarriage of justice. Id. at 314-15. He could do this by demonstrating that "it [was] more likely than not that no reasonable juror would have convicted him in light of the new evidence." Id. at 327.
 {¶ 10} Schlup was decided under the federal law of habeas corpus, 28 U.S.C. § 2254. See House v. Bell, 2006 U.S. Lexis 4675, at *9. We are unaware of any authority adopting Schlup's
reasoning under Ohio law. Rather, Ohio cases have consistently applied the doctrine of res judicata to successive habeas corpus petitions, in light of the petitioner's right to appeal from an adverse ruling. See, e.g., State ex rel. Rash v. Jackson,102 Ohio St.3d 145, 2004-Ohio-2053, ¶ 10; Hudlin v. Alexander
(1992), 63 Ohio St.3d 153, 156. The United States Supreme Court has "relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata," Schlup, at 319, but Ohio courts have not.
 {¶ 11} Accordingly, we overrule appellant's assignments of error and affirm the common pleas court's judgment.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J. and Blackmon, J. Concur.