FREEMAN, APPELLANT, *v.* TATE, WARDEN, APPELLEE.

[Cite as *Freeman v. Tate* (1992), 65 Ohio St.3d 440.]

(No. 92–993—Submitted October 13, 1992—Decided December 11, 1992.)

*Jerome Blair Freeman, pro se.*

*Lee I. Fisher,* Attorney General, and *John J. Gideon,* Assistant Attorney General, for appellee.

---

*Per Curiam.* We affirm the judgment of the court of appeals. *Res judicata* precludes the filing of successive habeas corpus petitions. *Hudlin v. Alexander* (1992), 63 Ohio St.3d 153, 586 N.E.2d 86. In this case, the record demonstrates that appellant has previously filed at least one habeas corpus action, No. 1352, in the Court of Appeals for Scioto County, in which the expiration-of-sentence claim could have been raised. Moreover, his claim that he misunderstood sentencing procedures does not challenge the jurisdiction of the sentencing court. *Wireman v. Ohio Adult Parole Auth.* (1988), 38 Ohio St.3d 322, 528 N.E.2d 173.

As the court of appeals essentially held, appellant's claim of segregation from the general prison population does not challenge the jurisdiction of the sentencing court, and we decline to speculate on the present facts whether any remedy of which the court of appeals has original jurisdiction might be applicable, since appellant presented no evidence of an illegal detention.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.