OPINION
Appellant, Willis Maloney, appeals a common pleas court decision denying his petition for a writ of habeas corpus. We affirm.
In 1985 appellant was sentenced to four to fifteen years in prison following a conviction in Hamilton County. While on parole in 1992, appellant was convicted of three offenses in Clermont County and received consecutive sentences totaling five years. Appellant filed a petition for habeas corpus, claiming he was improperly forced to serve his five-year sentence for the Clermont County convictions before serving the balance of his Hamilton County sentence and that he was entitled to concurrently serve the Hamilton County and Clermont County sentences.
The trial court denied appellant's petition on grounds that appellant failed to attach copies of his commitment papers to the petition. The trial court also denied the petition because appellant's claims pertaining to sentencing errors were not cognizable in habeas corpus and because the claims were barred by res judicata.[1] On appeal, appellant argues the trial court erred in dismissing his petition.
Appellant did not attach copies of his commitment papers to the petition as required by R.C. 2725.04(D). This alone renders a petition fatally defective and subject to dismissal. State ex rel. Brantley v. Anderson (1997), 77 Ohio St.3d 446; Adkins v. McFaul (1996), 76 Ohio St.3d 350.
More importantly, however, the petition presented allegations of sentencing errors which do not challenge the sentencing court's jurisdiction and are not cognizable in habeas corpus. State ex rel. Massie v. Rogers (1997), 77 Ohio St.3d 449; Majoros v. Collins (1992), 64 Ohio St.3d 442. See, also, State ex rel. Wynn v. Baker (1991), 61 Ohio St.3d 464, (claims directed to whether sentences should be served consecutively or concurrently do not challenge the jurisdiction of the sentencing court).
Furthermore, appellant has only served his minimum term of imprisonment and is not entitled to habeas corpus unless "his maximum sentence has expired and [he] is being held unlawfully." Frazier v. Stickrath (1988), 42 Ohio App.3d 114, 115-116 (emphasis added).
Finally, when appellant filed his habeas corpus petition with this court in 1994, he was aware of and could have raised the issue of whether his Hamilton County and Clermont County sentences were to be served concurrently. By choosing not to do so, the claim is subject to dismissal as res judicata. See Freeman v. Tate (1992), 65 Ohio St.3d 440, (where petitioner filed a previous habeas corpus action in which he could have raised a claim that his sentence had expired but did not, the matter was res judicata as to a successive habeas petition alleging expiration of sentence).
We therefore conclude that the petition did not challenge the jurisdiction of the sentencing court and that the lower court correctly denied appellant's petition. The assignment of error is overruled and the trial court's judgment is hereby affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] In 1994, appellant filed a habeas corpus action in this court, claiming he should have received concurrent rather than consecutive terms of imprisonment for his three Clermont County convictions, and that the trial court failed to conduct a hearing to determine whether the three crimes were allied offenses of similar import. This court dismissed the petition because the claimed sentencing errors were not "cognizable in habeas corpus"; appellant had not "attack[ed] the jurisdiction of the sentencing court"; and the issues raised "could have been raised on direct appeal." State ex rel. Maloney v. Turner (Feb. 15, 1994), Madison App. No. CA94-01-002, unreported.