[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 346.]

THE STATE EX REL. CHILDS, APPELLANT, *v.* WINGARD, WARDEN, APPELLEE.

[Cite as *State ex rel. Childs v. Wingard*, 1998-Ohio-50.]

*Criminal law—Extradition and subsequent proceedings do not divest common pleas court of jurisdiction, when—R.C. 2963.26, applied.*

(No. 98-509—Submitted September 16, 1998—Decided October 14, 1998.)

APPEAL from the Court of Appeals for Madison County, No. CA97-12-061.

_____

{¶ 1} In February 1995, a Summit County Grand Jury returned a secret indictment charging appellant, Tawan R. Childs, with murder and an accompanying firearm specification. Childs was extradited from Michigan to Ohio to be tried on the charges. The Summit County Court of Common Pleas dismissed the charges without prejudice when it discovered that Childs was a juvenile at the time the murder was committed.

{¶ 2} In June 1995, an Akron police officer filed a complaint in the Summit County Court of Common Pleas, Juvenile Division, charging Childs with delinquency because he had committed aggravated murder. The juvenile court found probable cause that Childs had committed aggravated murder and bound him over to the general division of the common pleas court for trial as an adult. Childs was subsequently charged, tried, and convicted of murder and a firearm specification. The common pleas court sentenced him to fifteen years to life for the murder conviction, to be served consecutively to a three-year term of actual incarceration for the firearm specification conviction. The judgment was affirmed on appeal. *State v. Childs* (Sept. 18, 1996), Summit App. No. 17653, unreported, 1996 WL 525631, appeal dismissed (1997), 77 Ohio St.3d 1519, 674 N.E.2d 372.

{¶ 3} In 1997, Childs filed a petition in the Court of Appeals for Madison County for a writ of habeas corpus to compel his release from prison. The court of

appeals granted the motion of appellee, Madison Correctional Institution Warden Curtis Wingard, and dismissed the petition.

{¶ 4} This cause is now before the court upon an appeal as of right.

_____

*Tawan R. Childs, pro se*.

*Betty D. Montgomery*, Attorney General, and *Karen L. Killian*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 5} Childs asserts in his propositions of law that the court of appeals erred by dismissing his petition. Childs claims that his conviction is void because like the petitioner in *Ex parte McKnight* (1891), 48 Ohio St. 588, 28 N.E. 1034, he was charged in juvenile court with a different crime, *i.e.*, aggravated murder, than the one upon which his extradition was obtained, *i.e.*, murder. Childs argues that due to this defect, his bindover was also defective. For the following reasons, however, Childs's claims are meritless.

{¶ 6} First, *McKnight* is inapposite. In *McKnight*, the petitioner was extradited from New York to Ohio to be tried on a forgery charge, but he was subsequently tried and convicted of obtaining property by false pretenses. We granted a writ of habeas corpus and held at paragraph one of the syllabus that "[a] person surrendered to the authorities of this state by another state or territory on extradition proceedings cannot, while held in custody thereunder, be lawfully tried for a different crime than the one upon which his extradition was obtained, unless he voluntarily waives his privilege." Unlike the petitioner in *McKnight*, Childs was ultimately tried for the same crimes for which he was extradited, *i.e.*, murder and a firearm specification.

{¶ 7} Second, *McKnight* preceded the enactment by the General Assembly of the predecessor to R.C. 2963.26. See G.C. 109-28. R.C. 2963.26 provides that

"[a] person returned to this state by, or after waiver of, extradition proceedings, may be tried in this state for other crimes which he may be charged with having committed here, as well as that specified in the requisition for his extradition." Based on R.C. 2963.26, the extradition and subsequent proceedings did not divest the common pleas court of jurisdiction. See *State v. Moore* (Nov. 3, 1993), Hamilton App. No. C-920927, unreported, 1993 WL 512868, where the court held that extraditing a defendant for a crime charged that was different from the ones for which he was eventually tried did not divest his trial court of jurisdiction.

{¶ 8} Finally, the juvenile court bindover entry attached to Childs's habeas corpus petition established full compliance with the bindover procedure. See *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 382, 667 N.E.2d 1194, 1196.

{¶ 9} Based on the foregoing, the court of appeals properly dismissed the petition. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————