[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 302.]

THE STATE EX REL. GILMORE, APPELLANT, *v.* MITCHELL, WARDEN, APPELLEE.

[Cite as *State ex rel. Gilmore v. Mitchell*, 1999-Ohio-166.]

*Petition for writ of habeas corpus seeking release of relator from Mansfield Correctional Institution—Petition dismissed, when.*

(No. 99-766—Submitted July 28, 1999—Decided September 1, 1999.)

APPEAL from the Court of Appeals for Richland County, No. 99CA13.

_____

{¶ 1} In 1991, the Mahoning County Court of Common Pleas convicted appellant, Marlon Gilmore, of one count of complicity to aggravated murder, two counts of complicity to aggravated robbery, and accompanying firearm specifications, and sentenced him to prison.

{¶ 2} In 1999, Gilmore filed a petition in the Court of Appeals for Richland County for a writ of habeas corpus to compel appellee, Mansfield Correctional Institution Warden Betty Mitchell, to release him from prison. Gilmore challenged a purported February 25, 1991 juvenile court order binding him over to the general division of the common pleas court for trial as an adult on the criminal charges. Gilmore claimed that his subsequent convictions and sentence were void because he was never given the physical examination required by the then-applicable versions of R.C. 2151.26 and Juv.R. 30 before being bound over. Despite his claims, Gilmore did not attach a copy of the bindover entry to his petition, and he did not attach all of his common pleas court sentencing entries.

{¶ 3} The court of appeals *sua sponte* dismissed Gilmore's habeas corpus petition because "petitioner admits the State introduced evidence of petitioner's mental condition through the testimony and evaluation report by a psychologist at the hearing held before the juvenile court." The court of appeals did not address Gilmore's claim concerning the lack of a physical examination.

**{¶ 4}** This cause is now before the court upon an appeal as of right.

_____

*Marlon C. Gilmore, pro se.*

*Betty D. Montgomery*, Attorney General, and *Michelle M. Schoeppe*, Assistant Attorney General, for appellee.

_____

**Per Curiam.**

**{¶ 5}** Gilmore asserts that the court of appeals erred in dismissing his habeas corpus petition because his petition stated a viable habeas corpus claim. See, *e.g., Gaskins v. Shiplevy* (1995), 74 Ohio St.3d 149, 656 N.E.2d 1282; *State v. Golphin* (1998), 81 Ohio St.3d 543, 692 N.E.2d 608.

**{¶ 6}** Gilmore's claim lacks merit because he did not attach *all* of the commitment papers pertinent to his claim challenging the juvenile court's bindover entry. See R.C. 2725.04(D); *State ex rel. Brantley v. Ghee* (1997), 80 Ohio St.3d 287, 288, 685 N.E.2d 1243, 1244; *State ex rel. Crigger v. Ohio Adult Parole Auth.* (1998), 82 Ohio St.3d 270, 272, 695 N.E.2d 254, 256. Specifically, Gilmore did not attach to his petition the juvenile court bindover entry he claimed was defective. That entry could have established compliance with the bindover procedure. See, *e.g., State ex rel. Childs v. Wingard* (1998), 83 Ohio St.3d 346, 348, 699 N.E.2d 1278, 1279.

**{¶ 7}** In addition, Gilmore failed to attach the common pleas court's sentencing entries on his complicity to aggravated murder and firearm convictions. Instead, he simply attached the sentencing entry for his other complicity convictions.

**{¶ 8}** Although the court of appeals did not base its judgment on Gilmore's failure to comply with R.C. 2725.04(D), we will not reverse a correct judgment merely because of an erroneous rationale. *State ex rel. Johnson v. Ohio Parole Bd.* (1997), 80 Ohio St.3d 140, 141, 684 N.E.2d 1227, 1227-1228.

**{¶ 9}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____