[This decision has been published in *Ohio Official Reports* at 90 Ohio St.3d 519.]

THE STATE EX REL. CHILDS, APPELLANT, *v.* LAZAROFF, WARDEN, APPELLEE.

[Cite as *State ex rel. Childs v. Lazaroff*, 2001-Ohio-9.]

*Habeas corpus sought to compel warden to release relator from prison–Court of appeals' dismissal of petition affirmed–Res judicata bars relator from filing successive habeas corpus petitions.*

(No. 00-1520—Submitted November 29, 2000—Decided January 3, 2001.)

APPEAL from the Court of Appeals for Madison County, No. CA2000-05-025.

—————————————

*Per Curiam.*

{¶ 1} In June 1995, an Akron police officer filed a complaint in the Summit County Court of Common Pleas, Juvenile Division, charging appellant, Tawan R. Childs, with delinquency. The officer alleged that when Childs was seventeen years old, he committed aggravated murder by purposely, and with prior calculation and design, causing the death of Christopher E. Robinson.

{¶ 2} In October 1995, the juvenile court found probable cause that Childs had committed aggravated murder and bound him over to the general division of the common pleas court for trial as an adult. At the bindover hearing, the juvenile court admitted a psychological report concerning Childs. In January 1996, the common pleas court convicted Childs of murder and a firearm specification. The court sentenced Childs to fifteen years to life for his murder conviction and to a three-year term of actual incarceration for the firearm specification conviction, to be served consecutively. On appeal, the court of appeals affirmed the judgment. *State v. Childs* (Sept. 18, 1996), Summit App. No. 17653, unreported, 1996 WL 525631, appeal dismissed (1997), 77 Ohio St.3d 1519, 674 N.E.2d 372.

{¶ 3} In 1997, Childs filed a petition in the Court of Appeals for Madison County for a writ of habeas corpus to compel his release from prison. Childs

claimed that his convictions were void because he was charged in the juvenile court with a different crime from the one upon which he was extradited. The court of appeals dismissed the petition, and, on appeal, we affirmed the dismissal. *State ex rel. Childs v. Wingard* (1998), 83 Ohio St.3d 346, 699 N.E.2d 1278.

**{¶ 4}** In 1999, Childs filed a second petition for a writ of habeas corpus in this court, claiming that his sentencing court lacked subject-matter jurisdiction. We *sua sponte* dismissed the cause. *State ex rel. Childs v. Wingard* (1999), 85 Ohio St.3d 1475, 709 N.E.2d 848.

**{¶ 5}** In May 2000, Childs filed a third petition for a writ of habeas corpus, this time with the Court of Appeals for Madison County. Childs requested the writ to compel appellee, his prison warden, to release him from prison. Childs claimed that his convictions and sentence were void because he was never given the physical examination required by the then-applicable versions of R.C. 2151.26 and Juv.R. 30 before being bound over. The court of appeals granted appellee's motion and dismissed the petition. The court held that *res judicata* barred Childs's claims.

**{¶ 6}** This cause is now before the court upon an appeal as of right.

**{¶ 7}** Childs asserts that the court of appeals erred in denying the writ. He contends that his petition stated a viable habeas corpus claim and that *res judicata* did not bar him from raising his jurisdictional claim.

**{¶ 8}** We have held that a juvenile who alleges that he received no physical examination before being bound over, as required by the then-applicable versions of R.C. 2151.26 and Juv.R. 30, states a potentially viable habeas corpus claim. See *Gaskins v. Shiplevy* (1995), 74 Ohio St.3d 149, 150-151, 656 N.E.2d 1282, 1283-1284; *State v. Golphin* (1998), 81 Ohio St.3d 543, 546-547, 692 N.E.2d 608, 611-612.[1] We have additionally recognized that habeas corpus actions are typically exempt from *res judicata* because " '[c]onventional notions of finality of litigation

---

1. R.C. 2151.26 and Juv.R. 30 were subsequently amended to delete the physical-examination requirement. *Golphin*, 81 Ohio St.3d at 546, 692 N.E.2d at 612; 146 Ohio Laws, Part I, 19-20.

have no place where life or liberty is at stake.' " *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 63, 558 N.E.2d 1178, 1181, quoting *Sanders v. United States* (1963), 373 U.S. 1, 8, 83 S.Ct. 1068, 1073, 10 L.Ed.2d 148, 157.

{¶ 9} Nevertheless, in *Hudlin v. Alexander* (1992), 63 Ohio St.3d 153, 155-156, 586 N.E.2d 86, 87, after noting the foregoing statement from *Natl. Amusements*, we held that *res judicata* is applicable to successive habeas corpus petitions because habeas corpus petitioners have the right to appeal adverse judgments in habeas corpus cases. See, also, *McCleskey v. Zant* (1991), 499 U.S. 467, 479, 111 S.Ct. 1454, 1462, 113 L.Ed.2d 517, 535 ("As appellate review became available from a decision in habeas refusing to discharge the prisoner, courts began to question the continuing validity of the common-law rule allowing endless successive [habeas corpus] petitions"). We have since consistently applied *res judicata* to bar petitioners from filing successive habeas corpus petitions. See, *e.g.*, *Smith v. Walker* (1998), 83 Ohio St.3d 431, 432, 700 N.E.2d 592, 593; *State ex rel. Cotton v. Ghee* (1998), 82 Ohio St.3d 404, 696 N.E.2d 580, 581; *State ex rel. Brantley v. Ghee* (1997), 80 Ohio St.3d 287, 288, 685 N.E.2d 1243, 1244; *Freeman v. Tate* (1992), 65 Ohio St.3d 440, 441, 605 N.E.2d 14, 15.

{¶ 10} Childs previously filed two habeas corpus actions in which he could have raised his present claim. See *id.*, 65 Ohio St.3d at 441, 605 N.E.2d at 15 ("In this case, the record demonstrates that appellant has previously filed at least one habeas corpus action * * * in which [his successive habeas corpus claim] could have been raised").

{¶ 11} Based on the foregoing, *res judicata* barred Childs from filing successive habeas corpus petitions. Therefore, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Tawan R. Childs*, *pro se*.

*Betty D. Montgomery*, Attorney General, and *Diane Mallory*, Assistant Attorney General, for appellee.

_____