OPINION
Petitioner-Appellant, Clymie Lee Smith ("Smith"), brings this appeal from a Marion County Common Pleas Court denial and dismissal of his petition for writ of habeas corpus. Smith claims that the Ohio Adult Parole Authority's ("O.A.P.A.") erroneous application of credit for time served and good behavior violated the criteria the O.A.P.A. must follow in granting or denying parole, thereby violating his constitutional due process rights. However, R.C. 2967.03 creates no expectancy of parole or a constitutional liberty interest sufficient to establish a right of procedural due process. And, Smith does not contend that he is entitled to immediate release upon the determination that the claim is well founded. Furthermore, Smith has filed previous habeas corpus actions in which issues regarding the application of the credits could have been raised. Therefore, we affirm the judgment of the trial court.
Facts and procedural history relevant to issues raised on appeal are as follows. In July 1988, Smith was convicted of burglary in the Geauga County Common Pleas Court and sentenced to a term of three to fifteen years. He was subsequently paroled on August 5, 1991. In June 1992, the Portage County Common Pleas Court convicted Smith of aggravated burglary and kidnapping, sentenced him to an aggregate term of fifteen to twenty-five years, and ordered that these sentences be served consecutive to Smith's Geauga County burglary sentence. On December 15, 1992, the O.A.P.A. conducted a revocation hearing wherein Smith was declared to be a parole violator as a result of the Portage County conviction, parole was revoked for the Geauga County conviction, and credits were applied to his aggregate minimum sentence for his Geauga and Portage County convictions to determine a schedule date for his next parole hearing.
In 1994, Smith filed a petition in the U.S. District Court for the Northern Division of Ohio for a writ of habeas corpus, which was denied. In 1996, Smith filed a second petition for a writ of habeas corpus in the Trumbull County Common Pleas Court. Smith claimed entitlement to the writ because (1) the common pleas court erred in its jury instructions, (2) the jury verdict forms were improper, and (3) the common pleas court did not appoint counsel to assist him in preparing and submitting an appellate brief for his direct appeal. The court of appeals dismissed the petition, finding that Smith had an adequate remedy by direct appeal from his criminal convictions and sentences to raise his nonjurisdictional claims. Upon review, the Ohio Supreme Court held that (1) habeas corpus was not available to raise claims of improper jury instructions or verdict forms, or ineffective assistance of retained appellate counsel, and (2) failure to attach copies of all his pertinent commitment papers to the habeas corpus petition violated statutory requirements and supported dismissal.[1]
In May 2000, Smith filed the instant petition for a writ of habeas corpus with the Marion County Common Pleas Court. Smith claimed that the O.A.P.A. had extended his release date without conducting a parole hearing and requested the writ to compel Christine Money, his prison warden, to recalculate his aggregate minimum sentence based upon credit for time served and good behavior and to reschedule his upcoming parole hearing accordingly. The court found the petition to be deficient because (1) Smith was in the custody of an officer under process issued by a court or by virtue of the judgment or order of a court of record, and that the court had jurisdiction to render judgment or make the order, (2) the credits which he alleged had not been deducted from his aggregate maximum sentence may only be applied to an aggregate minimum term and had no application when computing the aggregate maximum term, and (3), res judicata precluded the filing of successive petitions.
Smith brings the instant appeal, asserting that his petition stated a viable habeas corpus claim because it "does not lay claim to credit to be applied to the aggregate maximum sentence, but lay[s] claim to the criteria the O.A.P.A. must follow * * * in granting or denying parole." He further contends that res judicata is inapplicable because he has not raised the issue in any of his previous petitions.
In Ohio, a writ of habeas corpus is available to a petitioner to review an action taken by the O.A.P.A. where the petitioner claims that (1) his sentence and parole have already been served, (2) because the judgment of the sentencing court has already been satisfied, it no longer has jurisdiction over him, and (3) therefore, the O.A.P.A. no longer has custody over him and did not have the authority to reincarcerate him under his satisfied sentence.[2] In other words, where an appellant does not attack the jurisdiction of the court, habeas corpus does not lie to review O.A.P.A. actions:[3] R.C. 2967.03 creates no expectancy of parole or a constitutional liberty interest sufficient to establish a right of procedural due process.[4] "Habeas corpus lies only if the petitioner is entitled to immediate release upon the determination that the claim urged in the action is well founded."[5] Since Smith failed to contend that the sentencing court lacked jurisdiction over him or that he is entitled to immediate release, his habeas corpus action was properly dismissed by the trial court.[6]
Moreover, the Ohio Supreme Court has held that res judicata is applicable to successive habeas corpus petitions because habeas corpus petitioners have the right to appeal adverse judgments in habeas corpus cases[7] and has consistently applied res judicata to bar petitioners from filing successive habeas corpus petitions.[8] Smith previously filed two habeas corpus actions in which he could have raised his present claim.[9] Based on the foregoing, res judicata barred Smith from filing successive petitions. Therefore, we affirm the judgment of the trial court.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
BRYANT and HADLEY, J.J., concur.
[1] Smith v. Mitchell (1997), 80 Ohio St.3d 624, 625,687 N.E.2d 749.
[2] Hattie v. Anderson (1994), 68 Ohio St.3d 232, 233-234,1992-Ohio-2130, 626 N.E.2d 67; King v. Dallman (1993), 85 Ohio App.3d 43,45, 619 N.E.2d 66, 67-68; Brewer v. Dahlberg (6th Cir. 1991), 942 F.2d 328,340.
[3] Hattie, supra.
[4] Id.
[5] Swinger v. Seidner (1996), 74 Ohio St.3d 685, 687, 1995-1987,660 N.E.2d 1214 (citations omitted); see, also, State ex rel. Brantleyv. Ghee (1997), 80 Ohio St.3d 287, 288, 1997-Ohio-0482, 685 N.E.2d 1243,1244.
[6] Hattie, supra, citing Ellis v. McMackin (1992), 65 Ohio St.3d 161,162, 602 N.E.2d 611, 612; King, supra.
[7] State ex rel Childs v. Lazaroff (2001), 90 Ohio St.3d 519,520-521, 2000-Ohio-1520, 739 N.E.2d 802, 803; McCleskey v. Zant (1991),499 U.S. 467, 479, 111 S.Ct. 1454, 1462, 113 L.Ed.2d 517, 535.
[8] See, e.g., Childs, 90 Ohio St.3d at 520-521, 739 N.E.2d at 803;Smith v. Walker (1998), 83 Ohio St.3d 431, 432, 1998-Ohio-1036,700 N.E.2d 592, 593; State ex rel. Cotton v. Ghee (1998),82 Ohio St.3d 404, 1998-Ohio-0448, 696 N.E.2d 580, 581; Brantley,80 Ohio St.3d at 288, 1997-Ohio-0482, 685 N.E.2d at 1244; Freeman v. Tate
(1992), 65 Ohio St.3d 440, 441, 1992-Ohio-0993, 605 N.E.2d 14, 15.
[9] See Freeman, 65 Ohio St.3d at 441, 1992-Ohio-0993,605 N.E.2d at 15.