OPINION
{¶ 1} Petitioner-appellant, Andre D. Morris III, appeals the dismissal of his two petitions seeking habeas corpus relief.
 {¶ 2} In 1994, appellant was convicted of involuntary manslaughter and felonious assault following a jury trial in the Cuyahoga County Court of Common Pleas and sentenced to a prison term of ten to 25 years.[1]
Appellant's convictions and sentence were affirmed on direct appeal. SeeState v. Morris (1995), 105 Ohio App.3d 552.
 {¶ 3} Appellant now claims the common pleas court: improperly applied the doctrine of res judicata; violated his rights to due process and equal protection; and failed to adjudicate his "issues" in violation of his constitutional rights when it denied his request for a writ of habeas corpus.[2]
 {¶ 4} Habeas corpus is generally appropriate in a criminal context only if the petitioner is entitled to immediate release from prison.Larsen v. State, 92 Ohio St.3d 69, 2001-Ohio-133; Douglas v. Money,85 Ohio St.3d 348, 1999-Ohio-381. Appellant has not demonstrated that he is entitled to immediate release since he has yet to serve the maximum term imposed by the sentencing court.
 {¶ 5} Moreover, the claims presented in the petitions below could have been raised either on direct appeal or in appellant's prior habeas action.[3] Since they were not, the lower court properly dismissed them as being barred by res judicata. See Freeman v. Tate, 65 Ohio St.3d 440,1992-Ohio-76; State ex rel. Maloney v. Mack (Aug. 3, 1998), Madison App. No. CA98-03-014.
 {¶ 6} Finding no error in the common pleas court's decision to deny appellant's two petitions for a writ of habeas corpus, we accordingly overrule appellant's assignments of error, including the one presented in his supplemental filing.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] The trial court did not impose any sentence for the assault charge.
[2] We construe these "issues" as appellant's assignments of error. Shortly after this case was scheduled to be submitted, appellant filed a "supplemental issue" for review in which he asks this court to order the Adult Parole Authority to grant him a new parole hearing.
[3] The Richland County Court of Appeals denied appellant's previous petition for a writ of habeas corpus. See State v. Morris (Apr. 6, 2000), Richland App. No. 00CA21.