THE STATE EX REL. RASH, APPELLANT, *v.* JACKSON, WARDEN, APPELLEE.

[Cite as *State ex rel. Rash v. Jackson,*
102 Ohio St.3d 145, 2004-Ohio-2053.]

(No. 2003–0059—Submitted April 14, 2004—Decided May 12, 2004.)

---

**Per Curiam.**

{¶ 1} Appellant, James M. Rash, was indicted on five counts of aggravated murder with capital specifications and one count of aggravated arson in 1988. In 1989, Rash waived his right to a trial and pleaded guilty to the charges before a single judge. The Stark County Court of Common Pleas entered a judgment convicting Rash of the charged offenses and specifications and sentenced him to five concurrent life sentences with parole eligibility after 20 years on the aggravated-murder convictions and a consecutive term of 10 to 25 years on the aggravated-arson conviction.

{¶ 2} In May 1990, Rash filed a habeas corpus petition in the Warren County Common Pleas Court. Rash sought to remedy various conditions of his confinement that he alleged to be unconstitutional. The common pleas court dismissed

his petition, and, on appeal, the court of appeals affirmed. *Rash v. Brigano* (Nov. 5, 1990), Warren App. No. CA90–06–043, 1990 WL 170676.

{¶ 3} Rash subsequently filed a delayed direct appeal from his conviction and sentence, and the court of appeals affirmed the judgment of the trial court. *State v. Rash* (Mar. 27, 1995), Stark App. No. 94–CA–223, 1995 WL 347945. In his appeal, Rash claimed that the trial court lacked jurisdiction to convict and sentence him because, in violation of R.C. 2945.06 and Crim.R. 11(C)(3), a single judge, rather than a three-judge panel, sentenced him after accepting his guilty plea. Id. Rash raised the same arguments in his further appeal to this court, which was not accepted. *State v. Rash* (1995), 74 Ohio St.3d 1458, 656 N.E.2d 952.

{¶ 4} In June 2002, we held, "A defendant charged with a crime punishable by death who has waived his right to trial by jury must, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3), have his case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty." *State v. Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, syllabus. In *Parker*, we affirmed the judgment of the court of appeals, which had found its judgment in conflict with the judgments of courts of appeals in certain direct criminal appeals, including the delayed appeal in *Rash*, Stark App. No. 94–CA–223, 1995 WL 347945. *Parker*, 95 Ohio St.3d 524, 2002-Ohio-2833, 769 N.E.2d 846, ¶ 3.

{¶ 5} In September 2002, Rash filed his second petition for a writ of habeas corpus in the Court of Appeals for Warren County. Rash requested the writ to compel appellee, Warren Correctional Institution Warden Wanza Jackson, to release him from custody, or alternatively, to vacate his guilty plea and sentence and remand the case to the trial court for further proceedings. Rash claimed that he was entitled to the writ because under *Parker*, his trial court—a single judge rather than a three-judge panel—violated R.C. 2945.06 and Crim.R. 11(C)(3). Thus, according to Rash, the court lacked jurisdiction to convict and sentence him. Jackson moved to dismiss Rash's petition for failure to state a claim upon which relief can be granted.

{¶ 6} In December 2002, the court of appeals granted Jackson's motion and dismissed the petition. The court of appeals reasoned that the trial court had subject-matter jurisdiction to accept Rash's plea to the charges of aggravated murder and aggravated arson, that Rash had raised the same claim in his direct appeal, and that Rash would not be entitled to immediate release from prison under *Parker*.

{¶ 7} This cause is now before the court upon Rash's appeal as of right. On June 11, 2003, we held this cause for the decision in *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992.

{¶ 8} Rash asserts that the court of appeals should have granted the requested writ of habeas corpus based on *Parker,* claiming that his single-judge trial court did not have subject-matter jurisdiction to accept his guilty pleas and sentence him because R.C. 2945.06 and Crim.R. 11(C)(3) require a three-judge panel.

{¶ 9} In *Pratts,* we rejected this contention and held that the failure to comply with the three-judge-panel requirement of R.C. 2945.06 constituted an error in the court's exercise of jurisdiction, which must be raised on direct appeal rather than by collateral attack in habeas corpus. The *Pratts* holding is consistent with our holding in *State ex rel. Collins v. Leonard* (1997), 80 Ohio St.3d 477, 478, 687 N.E.2d 443 ("an alleged violation of R.C. 2945.06 is not a proper subject for habeas corpus relief and may be remedied only in a direct appeal from a criminal conviction").

{¶ 10} In addition, res judicata barred Rash from filing a successive habeas corpus petition when he could have raised his same claim in his previous petition. *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.* (2002), 95 Ohio St.3d 70, 71, 765 N.E.2d 356. Res judicata applies to successive habeas corpus petitions because habeas corpus petitioners can appeal adverse judgments on habeas corpus cases. *Hudlin v. Alexander* (1992), 63 Ohio St.3d 153, 155–156, 586 N.E.2d 86; see, also, *McCleskey v. Zant* (1991), 499 U.S. 467, 479, 111 S.Ct. 1454, 113 L.Ed.2d 517 ("As appellate review became available from a decision in habeas [corpus] refusing to discharge the prisoner, courts began to question the continuing validity of the common-law rule allowing endless successive [habeas corpus] petitions").

{¶ 11} We have applied res judicata to bar petitioners from filing successive habeas corpus petitions. See, generally, *State ex rel. Childs v. Lazaroff* (2001), 90 Ohio St.3d 519, 520–521, 739 N.E.2d 802, and cases cited therein. In *Childs,* we applied res judicata to bar a successive habeas corpus petition even though it raised a potentially viable jurisdictional claim. Id. at 520, 739 N.E.2d 802.

{¶ 12} Moreover, in his direct appeal, Rash already raised the same claim concerning R.C. 2945.06 and Crim.R. 11(C)(3). Rash may not use habeas corpus to gain successive appellate reviews of the same issue. *Agee v. Russell* (2001), 92 Ohio St.3d 540, 548, 751 N.E.2d 1043; *State ex rel. Burch v. Morris* (1986), 25 Ohio St.3d 18, 19, 25 OBR 15, 494 N.E.2d 1137.

{¶ 13} Based on the foregoing, the court of appeals properly denied the writ. Therefore, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

James M. Rash, pro se.

Jim Petro, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.