WATERS, APPELLANT, *v.* WOLFE, WARDEN, APPELLEE.

[Cite as *Waters v. Wolfe,* 114 Ohio St.3d 151, 2007-Ohio-3761.]

(No. 2007–0371—Submitted July 10, 2007—Decided August 8, 2007.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. Because the petition fails to state a viable habeas corpus claim, we affirm.

{¶ 2} In September 2006, appellant, Kirk Waters, filed a petition in the Court of Appeals for Noble County for a writ of habeas corpus to compel appellee, Noble Correctional Institution Warden Jeffrey A. Wolfe, to release him from prison. Waters claimed that his Butler County, Ohio convictions and aggregate sentence were invalid because his trial court lacked jurisdiction to try him on charges that were not the subject of his extradition from Kentucky. Waters asserted that he had waived extradition only to face charges in Clermont County, Ohio. Waters's petition was not properly verified in accordance with R.C. 2725.04, and Waters did not file with his petition an affidavit describing the civil actions filed by him in the previous five years as required by R.C. 2969.25(A).

{¶ 3} After the warden filed a motion to dismiss, Waters filed motions to amend his petition to include a verification and an affidavit describing his previously filed civil actions. The court of appeals granted the warden's motion and dismissed the petition.

{¶ 4} We affirm the judgment of the court of appeals. Waters asserts that the court of appeals should have permitted Waters to amend his petition to comply with R.C. 2725.04 and 2969.25(A). See, e.g., *Gaskins v. Shiplevy* (1995), 74 Ohio St.3d 149, 150, 656 N.E.2d 1282 (Civ.R. 15(A), regarding the amendment of pleadings in a civil action, is not clearly inapplicable to habeas corpus proceedings); *Snitzky v. Wilson*, Trumbull App. No. 2003–T–0095, 2004-Ohio-7229, 2004 WL 3090238, ¶ 37 (habeas corpus petitioner not barred from amending petition for writ of habeas corpus pursuant to Civ.R. 15(A) to comply with filing requirements of R.C. 2969.25(A)).

{¶ 5} Nevertheless, regardless of whether Waters is correct on this point, his petition still failed to state a viable habeas corpus claim. The Butler County trial court possessed the requisite jurisdiction to try Waters on the offenses in Butler County even though he had been extradited from Kentucky on the Clermont County offenses, because R.C. 2963.26 provides that "[a] person returned to this state by, or after waiver of, extradition proceedings, may be tried in this state for other crimes which he may be charged with having committed here, as well as that specified in the requisition for his extradition." *State ex rel. Childs v.*

*Wingard* (1998), 83 Ohio St.3d 346, 348, 699 N.E.2d 1278. Therefore, once Waters waived extradition to Ohio on the Clermont County charges, R.C. 2963.26 authorized the Butler County Common Pleas Court to try him for other crimes committed in Ohio.

{¶ 6} Therefore, the court of appeals correctly denied Waters's petition, and we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

Kirk Waters, pro se.

Marc Dann, Attorney General, and Thelma Thomas Price, Assistant Attorney General, for appellee.