**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Curtis v. Bunting,* **Slip Opinion No. 2016-Ohio-7431.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-7431

[THE STATE EX REL.] CURTIS, APPELLANT, *v.* BUNTING, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Curtis v. Bunting,* **Slip Opinion No. 2016-Ohio-7431.]**

*Habeas corpus—Appellant's claims not cognizable in habeas corpus and allege errors that could have been raised on direct appeal—Court of appeals' dismissal of petition affirmed.*

(No. 2016-0074—Submitted July 12, 2016—Decided October 25, 2016.)

APPEAL from the Court of Appeals for Marion County, No. 9-15-43.

_____

**Per Curiam.**

{¶ 1} We affirm the Third District Court of Appeals' dismissal of the petition for a writ of habeas corpus filed by appellant, Richard Curtis. Curtis claims that his conviction for aggravated murder was obtained by fraud and trickery because the coroner did not have authority to amend the victim's death certificate or alter the estimated time of her death. Curtis's claim concerns alleged errors that

could have been considered on direct appeal rather than a lack of jurisdiction on the part of the trial court.

*Facts*

**{¶ 2}** Curtis is currently confined at the Marion Correctional Institution. In September 2009, he was convicted of and sentenced for the 1996 aggravated murder of his wife, Linda Curtis. Curtis appealed, and the court of appeals affirmed. *State v. Curtis*, 12th Dist. Brown No. CA2009-10-037, 2010-Ohio-4945.

**{¶ 3}** The original death certificate for Linda Curtis listed the cause of death as "[c]ontact [g]un [w]ound of the [h]ead" and the manner of death as "[c]ould not be [d]etermined." In 2001, the coroner filed an addendum to the death certificate changing the manner of death to "[h]omicide." The amended certificate listed the time of death as "[m]orning," as had been indicated in the original death certificate.

**{¶ 4}** In 2008, the Brown County Sheriff's Office reinvestigated the case. *Id.* at ¶ 7. The coroner reexamined the case and estimated that the time of death was between 2:00 a.m. and 8:00 a.m. *Id.*

**{¶ 5}** In October 2015, Curtis filed a habeas corpus petition in the Third District Court of Appeals, arguing that he was unlawfully incarcerated because the trial court lacked jurisdiction to convict him due to prosecutorial misconduct, fraud, and perjured testimony provided by witnesses at trial. The court of appeals granted a motion to dismiss the petition filed by appellee, Warden Jason Bunting, and Curtis appealed.

*Analysis*

**{¶ 6}** Like other extraordinary-writ actions, "habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, __ N.E.3d __, citing *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6. "However, there is a limited exception to the adequate-remedy requirement: 'when a court's judgment is void because it lacked

jurisdiction, habeas is still an appropriate remedy despite the availability of appeal.' " *Id.* at ¶ 7, quoting *Gaskins v. Shiplevy*, 74 Ohio St.3d 149, 151, 656 N.E.2d 1282 (1995). Here, Curtis purports to challenge the jurisdiction of the court that tried, convicted, and sentenced him.

**{¶ 7}** Curtis claims that the Brown County coroner acted unlawfully in altering Linda Curtis's death certificate and narrowing his estimate of the time of her death. In support of this claim, Curtis cites a common pleas court decision attached to his brief, *Dunning v. Varnau*, Brown C.P. No. 2015-0001 (Apr. 14, 2015). That decision holds that once a coroner issues a verdict as to the manner of a death, the coroner lacks the authority to change that verdict unless someone with standing requests that the common pleas court change the coroner's decision. Therefore, according to Curtis, the coroner's actions in 2001 and 2008 could not have been used against him and did not establish the trial court's jurisdiction to try him.

**{¶ 8}** Even if the *Dunning* holding is correct, however, Curtis has failed to state a claim in habeas corpus. Claims of prosecutorial misconduct or perjury, which Curtis raises in his complaint, are not cognizable in habeas corpus. *Williamson v. Williams*, 103 Ohio St.3d 25, 2004-Ohio-4111, 812 N.E.2d 1283, ¶ 3. Nor did the coroner's alleged misconduct in amending the death certificate or narrowing the estimated time of death destroy the basic jurisdiction of the common pleas court to try and convict Curtis of murder. *See* R.C. 2931.03 ("The court of common pleas has original jurisdiction of all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas"). Rather, such allegedly unlawful actions and associated testimony raise an evidentiary matter that could have been addressed on direct appeal.

**{¶ 9}** Therefore, the court that tried and convicted Curtis did not lack jurisdiction to do so.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Richard Curtis, pro se.

Michael DeWine, Attorney General, and Hilda Rosenberg, Assistant Attorney General, for appellee.

_____