**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as**
***Boler v. Hill*, Slip Opinion No. 2022-Ohio-507.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-507

BOLER, APPELLANT, *v*. HILL, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Boler v. Hill*, Slip Opinion No. 2022-Ohio-507.]**

*Habeas corpus—Court of appeals correctly dismissed complaint on the basis of res judicata—Judgment affirmed.*

(No. 2021-1073—Submitted December 7, 2021—Decided February 24, 2022.)

APPEAL from the Court of Appeals for Marion County, No. 9-21-08.

_____

**Per Curiam.**

{¶ 1} Appellant, Phillip Dionte Boler, appeals the judgment of the Third District Court of Appeals dismissing his petition for a writ of habeas corpus against appellee, Leon Hill,[1] warden of the Marion Correctional Institution.  During the pendency of this appeal, Boler has filed a motion for an order of discharge and a motion to extend the record and has made two requests for oral argument.  For the

_____

1. Under S.Ct.Prac.R. 4.06(B), the current warden of the Marion Correctional Institution, Leon Hill, is automatically substituted as a party to this action for the former warden, Lyneal Wainwright.

reasons set forth herein, we deny the motions, deny the requests for oral argument, and affirm the judgment of the court of appeals.

## I. BACKGROUND

{¶ 2} In February 2009, Boler was indicted in Athens County on two felony charges: aggravated robbery and felony-murder, the underlying felony offense being aggravated robbery. Both charges carried firearm specifications. In an amended bill of particulars, the state indicated that "the underlying theft offense to the aggravated robbery was attempted theft and/or burglary or an attempted burglary." In June 2009, Boler was convicted on both counts.

{¶ 3} In March 2021, Boler filed a petition for a writ of habeas corpus in the Third District Court of Appeals. He attached to the petition a nunc pro tunc sentencing entry dated August 24, 2020, imposing an aggregate prison sentence of 28 years to life for the June 2009 convictions.

{¶ 4} Boler alleged in his petition that his convictions are void. He argued that at the time of the offense, there was no such offense as "attempted theft and/or burglary or an attempted burglary." Boler contended that because the aggravated robbery charge was allegedly predicated on a nonexistent offense and the murder charge was predicated on the aggravated robbery charge, his two convictions were nullities and he should be immediately released.

{¶ 5} On July 29, 2021, the court of appeals dismissed the petition. The court of appeals held that Boler had failed to attach copies of all his commitment orders, as required by R.C. 2725.04(D). In addition, the court of appeals found that his claim was barred by res judicata because he had raised the same claim in a 2019 petition that this court dismissed without opinion. *Boler-Bey v. Wainwright*, 156 Ohio St.3d 1469, 2019-Ohio-2953, 126 N.E.3d 1183.

{¶ 6} Boler appealed.

## II. ANALYSIS

### A. The merits of the appeal

{¶ 7} We begin with the second proposition of law, in which Boler contends that the doctrine of res judicata does not bar the present habeas petition. Specifically, Boler contends that the basis of his previous habeas petition was the alleged unconstitutionality of R.C. 2911.01, while the issue in the present petition is whether the language of the statute permitted his convictions.

{¶ 8} Boler's argument is unpersuasive. First, Boler's statements concerning the nature of the arguments in his two petitions are not supported by the record. The 2019 petition contained essentially the same allegations as the present petition and concerned the issue whether the aggravated robbery charge and the murder charge were predicated on a nonexistent offense. Second, even if the grounds for the two petitions had been different, the petition now at issue would have been subject to dismissal. The doctrine of res judicata precludes successive habeas petitions even when the grounds for relief are distinct. *See Bevins v. Richard*, 144 Ohio St.3d 54, 2015-Ohio-2832, 40 N.E.3d 1108, ¶ 4; *State ex rel. Childs v. Lazaroff*, 90 Ohio St.3d 519, 520, 739 N.E.2d 802 (2001). Boler could have argued any cognizable claim that he had in his first habeas petition; therefore, res judicata bars the present action. *Bevins* at ¶ 4.

{¶ 9} Boler attempts to avoid the application of res judicata by claiming that his conviction was void. His argument is without merit. Boler has not contested the sentencing court's subject-matter jurisdiction or its jurisdiction over his person. As such, there has been no showing that his conviction was void. *See State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776; *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. The court of appeals correctly dismissed Boler's petition on the basis of res judicata, and his second proposition of law is without merit.

**{¶ 10}** In his first proposition of law, Boler contends that the court of appeals incorrectly dismissed his petition for failure to comply with R.C. 2725.04(D). And in his third and fourth propositions of law, he argues the merits of his habeas claim. Given our holding that the petition was properly dismissed on res judicata grounds, it is unnecessary to address these arguments, and we decline to do so.

### B. The pending motions

**{¶ 11}** On November 16, 2021, Boler filed a motion asking us to order his discharge from prison. And on November 24, 2021, he filed a motion to extend the record on appeal to include the transcripts of his criminal trial. We deny both motions.

**{¶ 12}** The motion for an order releasing Boler from confinement is based on the warden's failure to file a merit brief in this appeal. If an appellee fails to file a merit brief, we "may accept the appellant's statement of facts and issues as correct and reverse the judgment *if the appellant's brief reasonably appears to sustain reversal*." (Emphasis added.) S.Ct.Prac.R. 16.07(B). For the reasons previously discussed, Boler is not entitled to judgment in his favor, notwithstanding the warden's decision not to file a merit brief.

**{¶ 13}** We also deny Boler's motion to extend the record. Boler's trial transcript is irrelevant to the sole issue we are deciding in this case, which is the application of res judicata to Boler's petition.

**{¶ 14}** Finally, we deny Boler's two requests for oral argument. We have discretion to grant oral argument, and in exercising that discretion, we will consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals. *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15 (decided under prior version of the rules). None of

those factors are present in this case.  The law governing Boler's claims is well established.

### III. CONCLUSION

{¶ 15} For these reasons, we hold that the court of appeals correctly dismissed the habeas corpus petition because it was barred by res judicata.  Because the petition was properly dismissed on that basis, we do not address the remaining propositions of law.  We reject the two pending motions, deny the requests for oral argument, and affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, and BRUNNER, JJ., concur.

STEWART, J., concurs in judgment only.

_____

Phillip Dionte Boler, pro se.

_____