[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Taylor v. Montgomery Cty. Court of Common Pleas*, Slip Opinion No. 2024-Ohio-1127.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1127

THE STATE EX REL. TAYLOR, APPELLANT, *v.* MONTGOMERY COUNTY COURT OF COMMON PLEAS, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Taylor v. Montgomery Cty. Court of Common Pleas*, Slip Opinion No. 2024-Ohio-1127.]

*Prohibition—Petition for writ of prohibition failed because appellant had adequate remedy in ordinary course of law and failed to show that trial court had patently and unambiguously lacked jurisdiction over his criminal case—Court of appeals' judgment dismissing petition affirmed.*

(No. 2023-0788—Submitted February 6, 2024—Decided March 28, 2024.)

APPEAL from the Court of Appeals for Montgomery County, No. 29735.

_____

**Per Curiam.**

{¶ 1} Appellant, Gudonavon J. Taylor, filed a petition for a writ of prohibition in the Second District Court of Appeals against appellee, the Montgomery County Court of Common Pleas ("the trial court"). Taylor argued

that the trial court lacked jurisdiction to convict him of and sentence him for felony murder in 2010. The Second District granted the trial court's motion to dismiss, and Taylor appealed to this court as of right. We affirm the Second District's judgment dismissing Taylor's petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Taylor is currently incarcerated at the Trumbull Correctional Institution. In 2010, he was convicted in the trial court of murder and other crimes. He was sentenced to an aggregate prison term of 41 years to life. On direct appeal to the Second District, his convictions and sentence were affirmed. *State v. Taylor*, 2d Dist. Montgomery No. 23990, 2013-Ohio-186 ("*Taylor I*"). Later, after granting Taylor's application to reopen his direct appeal under App.R. 26(B) based on ineffective assistance of appellate counsel, the Second District again affirmed his convictions and sentence. *State v. Taylor*, 2d Dist. Montgomery No. 23990, 2014-Ohio-3647, ¶ 4, 53 ("*Taylor II*").

{¶ 3} In this action, Taylor argues that the trial court lacked subject-matter jurisdiction to convict him on and sentence him for one of his murder counts. The nature of Taylor's claim requires a review of the facts underlying his murder convictions. Taylor relies on the facts as they are set out in *Taylor I and Taylor II*.

{¶ 4} In 2007, Taylor shot and killed Jerod Bryson after an argument over drugs and money. *Taylor I* at ¶ 6. The evidence at trial established that Taylor shot Bryson at two separate locations. *Taylor II* at ¶ 13. He first shot Bryson several times in front of a house at 116 East Lincoln Street. *Id.* But Bryson got up and walked diagonally across the intersection to 238 Warren Street, where he fell down again. *Id.* Taylor followed Bryson and shot him several more times at almost point-blank range. *Id.* The coroner testified that it was the shots near 238 Warren Street that killed Bryson. *Id.*

{¶ 5} Taylor was indicted and convicted on three counts of murder. Count One charged him with purposely causing the death of Bryson in violation of R.C.

2903.02(A). Counts Two and Four charged him with causing the death of Bryson as a proximate result of committing an offense of violence—felonious assault—in violation of R.C. 2903.02(B). In addition, in Counts Three and Five, Taylor was charged with and convicted of felonious assault. Count Three charged Taylor with knowingly causing physical harm to Bryson by means of a deadly weapon in violation of R.C. 2903.11(A)(2). Count Five charged him with knowingly causing serious physical harm to Bryson in violation of R.C. 2903.11(A)(1). He was also charged with and convicted of discharging a firearm on or near a prohibited premises in violation of R.C. 2923.162(A)(3) and of possessing a weapon while under a disability in violation of R.C. 2923.13(A)(2).

{¶ 6} For purposes of sentencing Taylor for the murder, the state elected to proceed under Count Two (one of the felony-murder counts). Accordingly, the trial court merged Counts One and Four into Count Two, and it sentenced Taylor to a prison term of 15 years to life. The state also elected to proceed for purposes of sentencing under Count Three (felonious assault in violation of R.C. 2903.11(A)(2)), and the trial court merged Count Five into Count Three and sentenced Taylor to a prison term of eight years for felonious assault. The trial court sentenced Taylor to ten years for discharging a firearm on or near a prohibited premises, five years for possessing a weapon while under a disability, and three years for a firearm specification. The trial court ordered Taylor to serve the sentences consecutively, for an aggregate prison term of 41 years to life.

{¶ 7} On direct appeal, Taylor argued that the trial court erred by not merging the murder and felonious-assault counts for purposes of sentencing. *Taylor II*, 2014-Ohio-3647, at ¶ 8. He argued that both offenses were committed as part of a single course of conduct with a single animus. *Id.* The court of appeals disagreed, holding that "there were two separate shootings in two separate locations." *Id.* at ¶ 13. According to the court of appeals, "the felonious assault occurred and was completed during the first non-fatal round of gunshots in front of

[the residence] located at 116 East Lincoln Street." *Id.* The second round of gunshots, in front of 238 Warren Street, "ultimately brought about Bryson's death." *Id.* The court of appeals concluded: "[T]he felonious assault was committed separately from and prior to the murder, and therefore, Taylor was properly convicted and sentenced for both of those offenses." *Id.*

{¶ 8} In this case, Taylor seeks a writ of prohibition ordering the trial court to vacate his conviction for felony murder under Count Two on the grounds that the trial court lacked jurisdiction to convict and sentence him. He argues that a conviction for felony murder under R.C. 2903.02(B) requires the commission of a predicate offense and that the predicate offense be the proximate cause of the victim's death. Taylor argues, however, that the felonious assault was *not* the proximate cause of Bryson's death and that the "non-fatal" shooting that constituted the felonious assault was separate from the shooting that caused Bryson's death. He thus argues that the trial court patently and unambiguously lacked subject-matter jurisdiction to convict and sentence him on Count Two and that his conviction is void.

{¶ 9} The Second District granted the trial court's Civ.R. 12(B)(6) motion to dismiss. Taylor appealed to this court as of right and requests oral argument.

## II. LEGAL ANALYSIS

### A. Oral argument

{¶ 10} Taylor requests oral argument. We deny that request. We have discretion to grant oral argument in a direct appeal, S.Ct.Prac.R. 17.02(A), and in exercising that discretion, we consider whether the case involves complex issues, a matter of great public importance, a substantial constitutional issue, or a conflict among courts of appeals, *Boler v. Hill*, 167 Ohio St.3d 557, 2022-Ohio-507, 195 N.E.3d 123, ¶ 14. This case does not involve any of these factors.

4

*B. The trial court's sui juris argument*

**{¶ 11}** As an initial matter, the trial court argues that the judgment dismissing Taylor's petition should be affirmed because the trial court is not sui juris and cannot be sued, *see Malone v. Cuyahoga Cty. Court of Common Pleas*, 45 Ohio St.2d 245, 248, 344 N.E.2d 126 (1976), quoting *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 34 Ohio St.2d 120, 121, 296 N.E.2d 544 (1973) (" 'Absent express statutory authority, a court can neither sue nor be sued in its own right' "). As the trial court acknowledges, however, it did not raise this argument in the court of appeals. Whether an entity is sui juris and may be sued is a question of capacity that may be waived. *State ex rel. School Choice Ohio, Inc. v. Cincinnati Pub. School Dist.*, 147 Ohio St.3d 256, 2016-Ohio-5026, 63 N.E.3d 1183, ¶ 10, fn. 3. The trial court has thus waived this argument.

*C. The trial court's jurisdiction to convict Taylor of and sentence him for felony murder*

**{¶ 12}** We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *Alford v. Collins-McGregor Operating Co.*, 152 Ohio St.3d 303, 2018-Ohio-8, 95 N.E.3d 382, ¶ 10. In conducting this review, we accept all factual allegations in the petition as true, and we will not affirm the dismissal unless it appears beyond doubt that the nonmoving party can prove no set of facts that would entitle him to relief. *Id.*

**{¶ 13}** To be entitled to a writ of prohibition, Taylor must establish that the trial court exercised judicial power, that the trial court's exercise of that power was unauthorized by law, and that he lacks an adequate remedy in the ordinary course of the law. *See State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. However, if the trial court patently and unambiguously lacked jurisdiction, he need not establish the lack of an adequate remedy in the ordinary course of the law. *Id.*

**{¶ 14}** Taylor argues that the trial court lacked jurisdiction to convict and sentence him on Count Two (felony murder) because he could not have committed a predicate offense that was the proximate cause of his victim's death. *See generally State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016, ¶ 8-9 (conviction for felony murder requires that a person intend to commit a predicate offense that is the proximate cause of another's death). Because Count Two was the murder count that his other murder counts were merged into, he argues that his sentence for murder should be "arrested." Taylor, however, could have raised his arguments on direct appeal, which constitutes an adequate remedy in the ordinary course of the law. *See, e.g.*, *State ex rel. Olmstead v. Forsthoefel*, 163 Ohio St.3d 25, 2020-Ohio-4951, 167 N.E.3d 944, ¶ 7 (an appeal is an adequate remedy to raise sentencing merger errors); *State ex rel. Nickleson v. Mayberry*, 131 Ohio St.3d 416, 2012-Ohio-1300, 965 N.E.2d 1000, ¶ 2 (an appeal is an adequate remedy to challenge the sufficiency of an indictment or the sufficiency of the evidence supporting a conviction). Thus, to be entitled to a writ of prohibition, Taylor must show that the trial court patently and unambiguously lacked jurisdiction to convict and sentence him on Count Two.

**{¶ 15}** "[W]hen we have found that a court of common pleas patently and unambiguously lacks jurisdiction, it is almost always because a statute explicitly removed that jurisdiction." *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 9. "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23.

**{¶ 16}** Here, the trial court had subject-matter jurisdiction to convict Taylor of and sentence him for murder in violation of R.C. 2903.02(B). *See Curtis v. Bunting*, 149 Ohio St.3d 123, 2016-Ohio-7431, 73 N.E.3d 474, ¶ 8; *see also* R.C. 2931.03 ("The court of common pleas has original jurisdiction of all crimes and

offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas"). Even if Taylor is correct that he could not have committed a predicate offense necessary for a conviction on Count Two, any error the trial court made in relation to that count would have been an error in the exercise of its subject-matter jurisdiction. *See Harper* at ¶ 26 (once a court has jurisdiction over both the subject matter of an action and the parties to it, the decision on any question arising thereafter in the action is but the exercise of jurisdiction). In other words, even if true, Taylor's claims would not show that the trial court patently and unambiguously lacked jurisdiction to convict him of and sentence him for felony murder under Count Two.

**{¶ 17}** Because the trial court did not patently and unambiguously lack jurisdiction to convict and sentence Taylor, he is not entitled to a writ of prohibition.

### III. CONCLUSION

**{¶ 18}** Taylor has not shown that the trial court patently and unambiguously lacked jurisdiction to convict him of and sentence him for felony murder. Thus, he is not entitled to a writ of prohibition. We therefore affirm the Second District Court of Appeals' judgment dismissing Taylor's petition. We also deny Taylor's request for oral argument.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

_____

Gudonavon J. Taylor, pro se.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Thomas J. Brodbeck, Assistant Prosecuting Attorney, for appellee.

_____